UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A.<br><br>   Interpleader Plaintiff,<br><br>v.<br><br>ESM FUND I, LP, et al.,<br><br>   Defendants. | 10-CV-7332<br><br>DECLARATION OF LAURA E. KRABILL IN SUPPORT OF ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., AND ESM MANAGEMENT LLC'S MOTION FOR RELIEF UNDER RULES 23 AND 83 |

I, Laura E. Krabill, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney at the law firm of Ballard Spahr LLP, attorneys for interpleader defendants ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC (the "ESM Parties"). I am a member in good standing of the bar of Pennsylvania and have been admitted *pro hac vice* in this Court for this case. I submit this declaration in support of the ESM Parties' Motion for Relief Under Rules 23 and 83.

2. I make this declaration based on my personal knowledge as well as based on knowledge I have obtained from my personal involvement in all of the aspects of the litigation of this matter.

3. A true and correct copy of the notice regarding the initiation of this interpleader action posted by Wells Fargo Bank, N.A. ("Wells Fargo") on or about September 23, 2010, on a website designed to communicate with certificateholders in the MASTR Adjustable Rate Mortgage Trust 2006-OA2 (the "Trust") is attached hereto as Exhibit 1.

4. A true and correct copy of the August 1, 2012, email sent by Ross Hooper, attorney for Wells Fargo, to counsel of record and pro se litigants in this action, regarding the

DMEAST #14058351 v1

request of certificate insurer, Financial Guaranty Assurance, Inc. ("Assured"), to have Wells Fargo post a notice to certificateholders regarding potential settlement discussions with Assured is attached hereto as Exhibit 2.

5. A true and correct copy of the August 1, 2012, email sent by Nicholas Joseph, attorney for Assured, in reply to Wells Fargo's email, is attached hereto as Exhibit 3.

6. A true and correct copy of the notice Assured requested Wells Fargo to post is attached hereto as Exhibit 4.

7. Immediately after receiving Wells Fargo's email, I contacted the ESM Parties about the email.

8. After email discussions with my clients and co-counsel, I replied to Wells Fargo's email, advising Wells Fargo that the ESM Parties were investigating the propriety of Assured's conduct and asking Wells Fargo to refrain from posting Assured's proposed notice. A true and correct copy of my August 1, 2012, reply email is attached hereto as Exhibit 5.

9. I learned the following day that Wells Fargo had posted the notice.

10. On August 1, 2012, I also called Assured's counsel to ask about Assured's intentions in communicating with certificateholders.

11. Mr. Joseph refused to provide any further information than was in the Notice – i.e., that Assured was asking certificateholders to contact it to discuss settlement.

12. I asked Assured's counsel to advise me in more detail about Assured's intended communications with certificateholders. Assured's counsel said he would speak with his client about the ESM Parties' request.

13. The next evening, Mr. Joseph sent me an email agreeing to participate in a telephone call the following day. A true and correct copy of Mr. Joseph's August 2, 2012 email is attached hereto as Exhibit 6.

14. During the call on August 3, 2012, Mr. Joseph still would only disclose that Assured intended to communicate with certificateholders about settlement and would provide no details about the nature of Assured's proposed communications with certificateholders.

15. After the call, I wrote to Mr. Joseph, reiterating questions and discussions that had occurred during the call, and again demanding that Assured provide the ESM Parties with information about its proposed communications with certificateholders. A true and correct copy of my August 3, 2012 letter to Mr. Joseph is attached hereto as Exhibit 7.

16. On Monday, August 6, 2012, Mr. Joseph responded to my letter with a letter, a true and correct copy of which is attached hereto as Exhibit 8.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 29, 2012, in Raleigh, North Carolina.

_____
Laura E. Krabill