# Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Laura E. Krabill
Direct: 215.864.8848
Fax: 215.864.9756
krabilll@ballardspahr.com

August 3, 2012

***Via Federal Express and Email***
Nicholas F. Joseph, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

Re: Wells Fargo Bank, N.A. v. ESM Fund I, LP et al.
    10 Civ. 7332 (LBS) (MHD)

Dear Nicholas:

As we have now discussed twice, the ESM Parties are very concerned about Assured's apparent effort to have direct communications and negotiations with certificateholders in the MARM 2006-OA2 Trust (the "Trust"). As you know, Assured contacted Wells Fargo, the trust administrator for the Trust, and asked Wells Fargo to post a notice to certificateholders of the Trust asking that they contact Assured directly to discuss settlement of the above-referenced case. Assured did not contact me or the ESM Parties directly to advise us of its intent to post this notice in advance of making its request. Indeed, absent Wells Fargo's email to your colleague, Adam Abensohn, asking whether Quinn Emanuel was aware of this request which copied me, it is likely that we would still be unaware of Assured's efforts to communicate directly with certificateholders about a settlement of the pending claims. As you also know, my firm has been litigating these very claims on behalf of the ESM Parties and also for the benefit of all the uninsured senior certificateholders for almost two years. The Court's judgment and the Magistrate Judge's report and recommendation granting fees under the common fund doctrine make clear that the interests of our clients and those of the other certificateholders have been, until now, identical and have been advanced by our representation. It is those interests which Assured now seeks to compromise by negotiating with certificateholders directly, apparently without any counsel representing them.

As soon as I received the email from Wells Fargo advising me of Assured's request, I called you. As I advised Wells Fargo in the email in which you were copied, and as we discussed in more detail on the phone, we are investigating the propriety of Assured's notice to certificateholders which requests that they contact Assured directly to discuss settlement of the above-referenced action.

When I spoke with you, I asked you what Assured's intentions were with respect to its communication. You told me that you could not disclose anything more than what is in the

DMEAST #13625169 v1

Nicholas F. Joseph
August 3, 2012
Page 2

notice. Your response to Wells Fargo's email, however, made clear that your firm was aware in advance of Assured's intention to submit the proposed notice. Surely, your firm has some idea of what Assured intends to tell any certificateholders who contact it in response to the notice. I asked you to tell me what those proposed communications would be. Of course, there could be no claim of confidentiality or privilege regarding those proposed discussions with certificateholders. You advised me that you could not disclose that information during our call and would have to discuss the matter with Assured. I asked that you get back to me as soon as possible (preferably by yesterday) with that information. Yesterday evening, you sent me an email advising me that you had been tied up and setting up a call for today.

In our call today, you began by saying that I had asked you what Assured's intentions were with certificateholders who contact it about the notice. Your response was, "Assured plans to talk to them and take whatever steps necessary" based on those discussions, but that Assured has "no specific plans" beyond that with respect to how any potential settlement would be effectuated. You said that would depend on the reaction Assured received from certificateholders, but that there "isn't a plan" and that it would depend how the settlement discussions work out. I then asked what Assured's proposal was that it intends to present to any certificateholders who may contact it. Again, you said you could not tell me anything beyond the fact that Assured plans to talk to interested certificateholders.

As I made very clear to you during our telephone call, Assured's refusal to provide us with information is counter-productive. We need to know whether Assured's actions will have any impact on the ESM Parties. To that end, we need to know: (1) what Assured's intentions are if certificateholders contact it in response to its notice – in particular, what is its proposal for settlement?; (2) what Assured intends to do if it is able to reach a settlement with any certificateholders – *i.e.*, how would Assured attempt to effectuate any such settlement?; and (3) what impact would any proposed settlement with other certificateholders have on the pending claims of the ESM Parties or any certificateholder who did not enter into a settlement with Assured? We are trying to determine if Assured's conduct is designed to or would somehow impact the ESM Parties' rights in the on-going litigation that is currently on appeal. As I advised you, this will likely influence what action, if any, we take in response to Assured's proposed notice. In particular, if Assured's efforts are designed to or could adversely impact the ESM Parties' claims or the timely resolution of the pending appeal, we will take any appropriate action necessary to prevent that from occurring, including but not limited to applying for relief from the Court. If Assured provides us with assurances that its actions will not impact the ESM Parties' claims or the pending appeal, that would be a factor in our consideration of what actions to take, if any.[1]

---

[1]  Regardless of Assured's response, we note again that the certificateholders with whom Assured may be in contact may be unrepresented and that it appears at the least that your firm is aware of Assured's plans. Since you refuse to discuss with us Assured's intent, we cannot know if Assured intends to use your firm to effectuate

DMEAST #13625169 v1

Nicholas F. Joseph
August 3, 2012
Page 3

It is, therefore, imperative that we hear from you about Assured's intentions and that you provide answers to our questions. Since the notice is now posted and available to certificateholders, we need a prompt response. Please provide us with that response by Monday, August 7th at 5:00 p.m. In the meantime, the ESM Parties reserve all of their rights, remedies and claims with respect to Assured's actions.

Sincerely,

*Laura E. Krabill*

Laura E. Krabill

LEK/kmz

---

settlements with unrepresented parties, or intends to advise such parties to seek counsel, nor indeed what message is being given to these parties and whether it is accurate. As I am sure you are aware, even where communications are permitted with unrepresented persons in class and class-like contexts, such communications are subject to court scrutiny and review for fairness and accuracy.

DMEAST #13625169 v1