**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL: (212) 849-7000 FAX: (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7206**

WRITER'S INTERNET ADDRESS
**nicholasjoseph@quinnemanuel.com**

August 6, 2012

<u>VIA EMAIL AND U.S. MAIL</u>

Laura Krabill
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

Re:     Wells Fargo Bank, N.A. v. ESM Fund I, LP at al.
        <u>10 Civ. 7332 (LBS) (MHD)</u>

Dear Laura:

The positions you take in your letter of August 3, 2012 are unsupported and unsupportable. Assured has the right to contact certificateholders in the MARM 2006-OA2 Trust concerning possible resolution of its rights with respect to that Trust, and you likewise have no right to insist on any advance knowledge of, or participation in, those discussions when they do not involve your clients. This attempt to impede Assured in its efforts to initiate discussions with any interested certificateholders is not supported by any relevant PSA provision or other legal authority. Assured objects to any effort by you or your clients to block Assured's right to engage in discussions with certificateholders whom you do not represent, and we reserve all rights in the event you persist in that effort.

We do not understand any basis for your complaint that Assured "did not contact [you]" in advance of providing its notice dated July 31, 2012. Your clients received that notice at the same time as all other certificateholders, and neither they nor you enjoy any right of advance notice.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
WASHINGTON, DC | 1299 Pennsylvania Avenue NW, Suite 825, Washington, District of Columbia 20004-2400 | TEL (202) 538-8000 FAX (202) 538-8100
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44 20 7653 2000 FAX +44 20 7653 2100
TOKYO | NBF Hibiya Building, 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Mollstraße 42, 68165 Mannheim, Germany | TEL +49 621 43298 6000 FAX +49 621 43298 6100
MOSCOW | Paveletskaya Plaza, Paveletskaya Square, 2/3, 115054 Moscow, Russia | TEL +7 499 277 1000 FAX +7 499 277 1001
HAMBURG | An der Alster 3, 20099 Hamburg, Germany | TEL +49 40 89728 7000 FAX +49 40 89728 7100

The pending action implicates the interests of all certificateholders, including those holding more than 90% of the outstanding certificates, whom you do not represent.  There is no PSA provision or legal principle that entitles you to impede those certificateholders from communicating with Assured, if they choose to do so, in an effort to resolve their respective interests.  In addition, as I explained to you during our calls last week, Assured's "plan" for these discussions is just as described in the notice itself:  to initiate discussions with interested certificateholders for "a settlement of the Interpleader Action … on an expedited basis."

Assured is also under no obligation, despite your demand, to describe its strategy for any discussions it may enter into with certificateholders who choose to respond to the pending notice, and neither you nor your clients enjoy any right to participate in such discussions.  During both of our calls last week, I asked you to identify any authority that would support your contention that you would be entitled to participate in discussions with entities other than your clients or that there was anything improper about Assured's notice.  Both times, and again in your letter, you identified no cases or other authority, but rather merely asserted some unexplained similarity to a class action.  But this is not a class action.  You are counsel only to certain named parties.  You are not counsel to any other certificateholders, nor have you even attempted to certify a class.  Your effort to equate this matter with a class action is without basis, and it would indeed be improper for you to hold yourself out as counsel to certificateholders whom you do not represent.

As we have stated before, Assured is interested in resolving this action through settlement, and you and your clients are welcome to discuss that subject with Assured.  It is not acceptable, however, for you or your clients to impede Assured in its ability to engage in discussions concerning resolution of its rights with other interested certificateholders.

Sincerely,

Nicholas Joseph