UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A.<br><br>   Interpleader Plaintiff,<br><br> v.<br><br>ESM FUND I, LP, et al.,<br><br>   Defendants. | 10-CV-7332<br><br>MEMORANDUM OF LAW OF ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., AND ESM MANAGEMENT LLC IN SUPPORT OF MOTION FOR RELIEF PURSUANT TO RULES 23 AND 83 |

**REPLY MEMORANDUM OF LAW OF ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., AND ESM MANAGEMENT LLC IN FURTHER SUPPORT OF MOTION FOR RELIEF PURSUANT TO RULES 23 AND 83**

| | |
|---|---|
| Jarrett M. Behar, Esq.<br>Sinnreich Kosakoff & Messina LLP<br>267 Carleton Avenue, Suite 301<br>Central Islip, New York 11722<br>p: (631) 650-1200<br>f:  (631) 650-1207 | M. Norman Goldberger (admitted *pro hac vice*)<br>Laura E. Krabill (admitted *pro hac vice*)<br>Ballard Spahr LLP<br>1735 Market Street, 51st Fl.<br>Philadelphia, PA 19103<br>p: (215) 864-8848<br>f: (215) 864-9756<br><br>Attorneys for ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC |

Dated:  September 19, 2012

DMEAST #15677093 v1

**INTRODUCTION**

Assured devotes the majority of its brief refuting the applicability of Rule 23 to this case. But, Assured does not and cannot dispute that this Court has the inherent authority to control the conduct of litigants and counsel appearing before it, even outside of the class action context. *Gulf Oil v. Bernard*, 452 U.S. 89, 99 n.10 (1981) (Rule 83 "provides a more general authorization to district courts" to control the actions of litigants and their counsel outside context of class actions); *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 171 (1989) ("We have recognized that a trial court has a substantial interest in communications that are mailed for single actions involving multiple parties."). Likewise, Assured emphasizes that under Second Circuit precedent, as the ESM Parties acknowledged, it may attempt to negotiate a settlement with certificateholders in the Trust. But, Assured does not and cannot dispute that the same policies that warrant protection of absent class members apply equally to this case where absent certificateholders' rights and interests are addressed by this Court's judgment. Thus, Assured must be scrupulous in dealing with those certificateholders, particularly where Assured's knowledge of the facts, law, arguments and rulings in this Court far outstrip that of certificateholders who are uncounseled and have not been involved in this litigation.

As the ESM Parties' opening brief showed, Assured's notice to certificateholders fails to meet that standard. In one sentence of its brief, Assured claims that its notice is simply a neutral statement as permitted under the case law. Assured then attempts to shift the focus away from its notice by attacking the ESM Parties for allegedly engaging in the same conduct. Assured is wrong on both counts. First, Assured's notice is not simply a neutral statement to certificateholders but is, at a minimum, misleading and exerts undue pressure on certificateholders to negotiate with Assured. Assured's brief does nothing, nor could it, to overcome the critical flaws in the notice it drafted. Instead, Assured focuses on the fact that

there is no record evidence detailing any misconduct by Assured in its subsequent oral communications with certificateholders who responded to the notice.  But Assured cannot avoid this Court's oversight by refusing to provide the ESM Parties and the Court with information about those interactions.  The misleading nature of Assured's notice provides this Court with ample grounds to monitor or limit Assured's communications with certificateholders to ensure that certificateholders are not subject to further overreaching by Assured.

Second, Assured's efforts to obscure its own misconduct by casting aspersions on the ESM Parties cannot prevail.  Assured's claims, however, are false.  Contrary to Assured's suggestion, the ESM Parties have not distributed any notice to other certificateholders regarding the merits or potential settlement of this litigation.  Instead, the ESM Parties have sought support from other certificateholders to collectively bring a separate action that is entirely independent of this case.  Likewise, the ESM Parties' efforts to obtain record evidence about Assured's communications with other certificateholders have been through discussions only with other certificateholders' counsel who had previously initiated discussions with the ESM Parties, have not sought to have those other certificateholders compromise their claims and are not alleged to have been misleading in any way.  Thus, the ESM Parties' actions are nothing like Assured's conduct here and do not allow Assured to avoid this Court's scrutiny.

In sum, this Court has the inherent authority to control the conduct of parties appearing before it.  Assured's notice raises serious concerns that it is attempting to undermine the rights of parties whose interests are impacted by the judgment entered in this case.  The Court should impose reasonable limitations on Assured's communications to ensure that the unrepresented certificateholders' interests are not improperly impaired.

## ARGUMENT

**A.     Assured's Notice Is Misleading and Warrants Court Involvement.**

Assured's brief ignores almost entirely the critical issue raised by the ESM Parties –that Assured's notice to certificateholders is, at a minimum, misleading, and provides this Court with ample grounds to limit or monitor Assured's communications with certificateholders whose rights are undeniably impacted by this Court's judgment.

As the ESM Parties pointed out in their opening brief, and as Assured does not and cannot dispute, Assured's notice: (1) does not advise certificateholders that Assured lost in this Court; (2) does not recommend to certificateholders that they consult with their own counsel before contacting Assured; and (3) advises certificateholders that there is some narrow window of opportunity to negotiate a settlement with Assured.  In fact, Assured's notice appears carefully crafted to leave open the possibility to certificateholders unfamiliar with this litigation that Assured won in this Court and will receive the escrowed funds referenced in the notice after the appeal.  In particular, the Notice does not describe the judgment of this Court.  While acknowledging that the judgment is currently on appeal, it does not state which party appealed this Court's ruling.  Further, while acknowledging that the distribution of the escrow funds to the prevailing party is stayed pending appeal, it does not admit that Assured itself sought that stay.  Finally, after explaining that this case involved the priority of payment under the Trust's PSA, Assured's notice asserts that it "is not a waiver of any rights Assured enjoys under the PSA" and "Assured reserves all rights thereunder."  After this presentation of the case, Assured's notice next attempts to instill a sense of urgency in certificateholders to engage in settlement discussions with Assured.  It contends to certificateholders that there is "currently an

opportunity" "to reach settlement" if the parties "act on an expedited basis" and contact Assured "within the next 10 days."

Assured's brief fails to explain why its notice does not admit that Assured lost in this Court.  Assured's brief fails to explain any urgency that warranted its plea that certificateholders contact Assured within ten days of the notice.  Instead, in one sentence of its brief, Assured contends merely that its notice is a "neutral statement" like notices "specifically allowed under the case law." *See* Assured Br., p. 8.  Assured's position, however, is untenable.

Assured's notice is nothing like the types of notices that are generally approved by the Court or, for that matter, the notice approved in the case Assured itself cites to support its claim.  In *Weinberger v. Kenderick*, 698 F.2d 61 (2d Cir. 1983), objecting class members challenged a settlement notice distributed after approval by the Court.  The notice "among other things, described the [underlying] action, set out the terms of the proposed settlement, defined the class that approval of the settlement would bind, and informed class members that they could opt out of the settlement by so requesting before [a certain date]." *Id.* at 58.  Objecting class members argued that the notice "should have contained a wide variety of additional information more fully describing the terms of the proposed settlement and the manner in which the negotiations leading to it had been conducted." *Id.* at 70.  In rejecting that argument, the Court held that the notice "fairly, accurately and neutrally described the claims and parties in the [underlying] litigation, as well as the terms of the proposed settlement and the identity of persons entitled to participate in it." *Id*.  The notice also "described in detail a related state court action" and "explicitly informed class members that '[p]articipation in the present settlement would preclude any participation in" that case. *Id.*  The Court then concluded that the notice "'fairly

appraised' prospective class members of the class action's pendency, the relevant terms of the proposed settlement, and their options in connection with that case." *Id.* at 70-71.

Here, Assured's notice does not describe the nature of the claims – other than that they involved the "priority of payment under the PSA" -- and provides no description of this Court's ruling or judgment. While *Weinberger* recognized that a notice "can practicably contain only a limited amount of information" and thus may be sufficient if it contains "very general description[s] of the proposed settlement," nothing in *Weinberger* or any other case countenances omitting critical basic information about the nature of a case and the Court's rulings. More fundamentally, no case cited by Assured permits a party to unilaterally distribute a notice that is misleading, incomplete and confusing.

Any notice to certificateholders from Assured regarding potential settlement should have, at a minimum, disclosed that Assured lost in this Court. Without this basic information, the recipients of the notice may be misled about their rights and their likelihood of receiving the escrowed funds referenced in Assured's notice. Furthermore, any notice by Assured should have given certificateholders sufficient time to consult with counsel and analyze their rights before engaging in settlement negotiations. Instead, like a high-pressure sales pitch, Assured's notice tries to create a sense of urgency to induce certificateholders to contact Assured without the aid of a lawyer and without fully analyzing their rights and their likelihood of success in this case.

The fact that Assured was not forthright in a notice it knew the ESM Parties would receive raises serious concerns about Assured's fairness in its subsequent, private communications with certificateholders. Assured does not attempt to alleviate those concerns in its brief. In fact, the brief does not disclose what further communications Assured has had or

intends to have with certificateholders who respond to its notice. Instead, taking the argument advanced by the defendants in *HindsCo. v. Wachovia Bank, N.A.*, 790 F. Supp. 2d 125, 134-35 (S.D.N.Y. 2011), to "trust us" one step further, Assured contends that this Court cannot take any action to limit its communications with certificateholders unless and until the ESM Parties present proof that Assured's oral communications with those certificateholders has been improper, while at the same time precluding the ESM Parties from discovering anything about those communications. Assured's argument is untenable. In light of the omissions and misleading implications of Assured's notice, it defies logic to think that Assured would not exert even greater pressure and advocate its litigation position even more strongly in its oral communications to certificateholders in its efforts to secure a favorable settlement. This is more than sufficient evidence to warrant this Court's intervention in Assured's communications.[1]

### B.     The ESM Parties Did Not Engage in Conduct Similar to Assured.

Rather than grapple with the content of its notice or provide any information or assurances about its subsequent conversations with certificateholders, Assured instead attempts to shift the focus away from it by impugning the ESM Parties for allegedly engaging in the same conduct as Assured. In particular, Assured claims that "one of the ESM entities itself requested that the Trustee . . . circulate a notice to certificateholders, and did so without Court involvement

---

[1] Assured suggests that the Trust's certificateholders do not need protection because they are sophisticated parties represented by counsel. While that is certainly true of some certificateholders, there is no evidence that all of the certificateholders in this Trust are sophisticated investors represented by counsel. *See e.g. New Jersey Carpenters Health Fund v. DLJ Mortgage Capital, Inc.*, 2011 U.S. Dist. LEXIS 92597, *20 n.1 (S.D.N.Y. Aug. 16, 2011) (granting class certification of investors in subprime mortgage securitization, discussing defendants' argument that the class should not be certified because securitization included both sophisticated and unsophisticated investors). Moreover, Assured knows which certificateholders have contacted it in response to its notice, but notably failed to provide any information about their identity, sophistication or whether they were represented by counsel. Assured's unsupported assumption that the Trust's certificateholders are sophisticated does not overcome the bases showing the need for this Court's supervision of its communications.

– the very conduct that the ESM Parties now claim was somehow improper when undertaken by Assured." Assured Br., p. 10.  But, the notice Assured references and submitted with its brief makes clear that the ESM Parties never reached out to certificateholders about a potential settlement of this case (or indeed about any aspect of this case).  *See* Abensohn Decl., Ex. A.  That notice, as is clear on its face, is an attempt by the ESM Parties to enlist other certificateholders to act collectively to start or intervene in a separate action against the Trust's underwriter for allegedly misrepresenting the quality of the loans contributed to the Trust.  *Id.*  That claim has nothing to do with this lawsuit.  Moreover, Assured has not identified anything that could possibly be deemed false or misleading in the ESM Parties' notice.

The ESM Parties do not contend that Assured is precluded from communicating with certificateholders on any topic or even that Assured cannot attempt to negotiate settlements of this case.  Assured, however, cannot do so with communications that are not forthright and that improperly pressure certificateholders who have not been actively engaged in this litigation to compromise their rights without having sufficient time to consider their position in this case.  Assured cannot take solace in the fact that the ESM Parties have submitted an accurate notice to certificateholders asking them to join in the ESM Parties' efforts to enforce the certificateholders' rights in an unrelated action.

Assured also attempts to justify its actions by claiming that the ESM Parties cannot complain since their counsel "initiated contact with other certificateholders in an attempt 'to obtain record evidence'" regarding Assured's oral communications with certificateholders who responded to its notice.  Assured Br., p. 10.  Again, Assured's effort to equate the ESM Parties' conduct with Assured's effort to solicit settlement negotiations with potentially

unrepresented certificateholders who have not actively participated in this litigation cannot withstand scrutiny.

As the ESM Parties opening brief explained, after learning of Assured's notice, the ESM Parties asked Assured to provide them with information about Assured's planned communications with certificateholders. Assured steadfastly refused. The ESM Parties asked Assured, at a minimum, to provide the ESM Parties with some assurance that Assured would not attempt to enforce any settlement it could negotiate with certificateholders who had not actively participated in this case against the ESM Parties and other certificateholders who were unwilling to accept the same terms. Again, Assured refused. Cognizant of the Supreme Court's direction that any limitation on communications should be based on a clear record that supports the need for the restriction and hoping to avoid motion practice entirely, the ESM Parties attempted to discover the nature of Assured's oral communications with certificateholders. September 19, 2012 Declaration of Laura Krabill, ¶ 3. The ESM Parties intended to use this information to either support a motion seeking some restriction on Assured, or preferably, to provide the ESM Parties with comfort that Assured's communications were not improper and that a motion was unnecessary. *Id.* ¶ 4. To that end, the ESM Parties' counsel contacted counsel for two certificateholders who had both initiated communications with the ESM Parties' counsel during this litigation and asked to be kept apprised of any developments in the case. *Id.* ¶ 5. The ESM Parties' counsel discussed the matter only with lawyers for the other certificateholders. *Id.* ¶ 6. Both certificateholders decided to contact Assured in response to the notice and advised the ESM Parties' counsel of those communications, but neither was willing to provide a declaration regarding their discussions with Assured. *Id.* ¶ 7. Needless to say, the communications, as relayed by the other certificateholders, did not alleviate the ESM Parties' concerns and, indeed,

heightened their fear that Assured would present an aggressive, one-sided picture of the strength of Assured's case to coax certificateholders who had not actively participated in this litigation to accept a settlement favorable to Assured. *Id.* ¶ 8.

Nothing about the ESM Parties' contact with certificateholders' lawyers is remotely comparable to Assured's notice and efforts to engage certificateholders in settlement discussions regarding the litigation pending before this Court.  And, nothing about the ESM Parties' conduct precludes them from seeking relief from this Court designed to ensure that Assured's communications with certificateholders are fair, balanced and do not improperly take advantage of certificateholders who may be less knowledgeable about the claims and arguments that resulted in a judgment in the certificateholders' favor in this Court.

## CONCLUSION

This Court has the authority to exercise control over litigants in cases before it. Where Assured has submitted an unapproved communication with certificateholders that omits critical information about the status and effect of the pending litigation and may adversely affect those certificateholders' rights that were determined by this Court, the Court should oversee Assured's communications.  Assured suggests that the ESM Parties should simply post a notice in the same manner as Assured to obviate any potential prejudice or confusion created by Assured's notice.  Assured Br., p. 9.  The ESM Parties are happy to do so if this Court sanctions unilateral communications with absent certificateholders about potential settlement of this case. But, that alone does not ensure that certificateholders will be protected from a one-sided, high pressure settlement negotiation from Assured.  Assured complains that the restrictions suggested by the ESM Parties would impose extraordinary burdens on this Court.  The ESM Parties, however, only sought imposition of "one or more" of the restrictions they suggested, sufficient to

prevent Assured from presenting a misleading, one-sided analysis to certificateholders in its effort to achieve a favorable settlement. Assured's conduct warrants that oversight.

Dated: September 19, 2012

Respectfully submitted,

_____
Jarrett M. Behar, Esq.
Sinnreich Kosakoff & Messina LLP
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
p: (631) 650-1200
f: (631) 650-1207

*Attorneys for the ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC*

OF COUNSEL:
M. Norman Goldberger (*pro hac vice*)
Laura E. Krabill (*pro hac vice*)
Ballard Spahr LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103

## **CERTIFICATE OF SERVICE**

       I, Jarrett M. Behar, hereby certify that a true and correct copy of the foregoing Reply Memorandum of Law in Further Support and Declaration have been served upon all counsel of record via ecf and upon the pro se litigants via email.

Dated: September 19, 2012                        _____
                                                                                   Jarrett M. Behar