UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WELLS FARGO BANK, N.A.

                Interpleader Plaintiff,

     v.

ESM FUND I, LP, et al.,

           Defendants.

10-CV-7332

MEMORANDUM OF LAW OF ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., AND ESM MANAGEMENT LLC IN RESPONSE TO COURT'S ORDER REGARDING ITS JURISDICTION OVER PENDING MOTION FOR RELIEF PURSUANT TO RULES 23 AND 83.

## MEMORANDUM OF LAW OF ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., AND ESM MANAGEMENT LLC IN RESPONSE TO COURT'S ORDER REGARDING ITS JURISDICTION OVER PENDING MOTION FOR RELIEF PURSUANT TO RULES 23 AND 83

Jarrett M. Behar, Esq.
Sinnreich Kosakoff & Messina LLP
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
p: (631) 650-1200
f: (631) 650-1207

M. Norman Goldberger (admitted *pro hac vice*)
Laura E. Krabill (admitted *pro hac vice*)
Ballard Spahr LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103
p: (215) 864-8848
f: (215) 864-9756

Attorneys for ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC

Dated: October 17, 2012

## INTRODUCTION

After losing in this Court, appealing that decision, and obtaining a stay of the judgment, certificate insurer Financial Security Assurance Inc. ("Assured") has sought to alter the status of this case by attempting to convince senior certificateholders, whose interests are directly impacted by this case, to compromise their rights and settle their claims with a misleading notice that does not even admit that Assured lost in this Court.  ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC (the "ESM Parties") filed a motion with the Court seeking, among other things, to ensure that Assured does not alter the *status quo* for those certificateholders through potentially misleading, coercive or abusive communications until the Court of Appeals can rule on the issues before it.  *See* ESM Rule 23 & 83 Motion Docket Nos. 154-56.

This Court instructed the parties to address whether the court has jurisdiction over the current motion in light of the pending appeal of the case to the Second Circuit Court of Appeals.  *See* 10/9/12 Order, Docket No. 162.  As explained in greater detail below, this Court retains jurisdiction over the pending motion for several reasons.  First, the ESM Parties' motion involves matters which are not before the Court of Appeals and are entirely collateral to the issues on appeal; therefore, this court has continued authority over them.  Second, the ESM Parties' motion asks this Court to take action that will protect parties whose rights are impacted by the judgment entered in this case and will preserve the *status quo* while the case is on appeal, a well-settled right of district courts.  Third, this Court has authority to enforce and preserve its orders, including the order determining the proper distribution of funds held in escrow, while a case is on appeal.  Since Assured's actions in attempting to settle the matter with certificateholders would alter this Court's order and judgment, the motion that seeks to limit or

monitor Assured's conduct is within this Court's authority to preserve its order.  Therefore, this Court has jurisdiction over, and authority to decide, the pending motion regardless of the appeal.

## BRIEF FACTUAL BACKGROUND

As this Court knows, this case was commenced by Wells Fargo to determine the proper allocation of funds from the MASTR Adjustable Rate Mortgage Trust 2006-OA2 (the "Trust"), a subprime mortgage securitization.  *See generally* Complaint, Docket No. 1.  On March 29, 2011, the District Court issued a ruling on cross-motions for judgment on the pleadings, and determined that the Pooling and Servicing Agreement ("PSA") for the Trust is properly interpreted consistent with the ESM Parties' position and that Assured is entitled to distributions from the Trust only to the extent required as a result of its subrogation rights.  *See* Mem. and Order, Docket No. 81 ("Order").  After extensive briefing, argument and a report and recommend from this Court, the District Court entered judgment.  Judgment, Docket No. 125.  The Judgment held that the Trust's governing documents are properly interpreted consistent with the Court's Memorandum and Order and ordered Wells Fargo to distribute the escrow funds it had maintained during the pendency of this case consistent with that interpretation.  The Judgment also awarded attorneys' fees and costs to Wells Fargo and the ESM Parties and held that the escrowed funds should be distributed to the current holders of the certificates as of the date of distribution.

Following entry of the Judgment, Assured appealed.  The sole basis for Assured's appeal is that the District Court misinterpreted the Trust's governing documents and that Assured's proposed interpretation should be adopted, thereby providing Assured with distributions of all amounts it had paid in claims before any distribution of principal may be made to any of the Trust's certificateholders.  That appeal has been fully briefed and is currently pending before the Second Circuit.

On July 31, 2012, almost one month after the appeal briefing was completed, Assured posted a notice to certificateholders (the "Notice"), asking that the certificateholders contact Assured directly to discuss settlement of the pending case.  The Notice was carefully crafted to avoid admitting that Assured lost in this Court, was the appellant in the Second Circuit and had sought the stay pending appeal that was entered by this Court.  The Notice also conveyed a sense of urgency to certificateholders to communicate with Assured about potential settlement where none exists.  After learning of the Notice from Wells Fargo, the ESM Parties asked Assured what it intended to say to certificateholders who might respond to the Notice to assess whether Assured's intended communications were accurate.  The ESM Parties also asked Assured how it intended to effectuate any proposed settlement it reached with certificateholders and whether it would attempt to force other certificateholders, including the ESM Parties, to be bound by any settlement Assured could negotiate.  Assured refused to provide the information requested by the ESM Parties.  Therefore, on August 29, 2012, the ESM Parties filed the pending motion with this Court seeking to limit or monitor Assured's communications with certificateholders.  *See* ESM Rule 23 & 83 Motion Docket Nos. 154-56.

## ARGUMENT

### A.    This Court has Jurisdiction over Matters Not Before the Court of Appeals.

Despite the pending appeal, this Court retains jurisdiction over the matters addressed by the ESM Parties' motion because they are collateral to the issues on appeal and are not before the Court of Appeals.  "[T]he filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal."  *New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989) (citing *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.*, 527 F.2d 966, 972–73 (2d Cir. 1975); 9 MOORE'S FEDERAL PRACTICE ¶ 203.11 at 3–54 (2d ed. 1989).  Therefore, "notwithstanding a pending

appeal, a district court retains residual jurisdiction over collateral matters . . . ." *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004) (citing cases).[1]

Courts have relied on this rule to address a broader range of topics while appeals are pending. For example, the Second Circuit has held that an appeal of a district court's denial of a motion to compel arbitration did not involve the merits of the case. *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53-54 (2d Cir. 2004).[2] Therefore, the district court was permitted to proceed with a trial on the merits while the motion to compel arbitration was on appeal. *Id.* at 54. In *Zorn v. United States*, No. 04-CV-146, 2006 WL 778603, at *1 (D. Vt. March 24, 2006), the court held that, despite an appeal to the Second Circuit, it retained jurisdiction to hear a motion to prohibit a party from filing future papers with the court. In *Equal Employment Opportunity Commission v. Locals 14 and 15, Int'l Union of Operating Engineers*, the court explained that it "retains jurisdiction to preserve the status quo and protect its proceedings in all germane matters." 438 F. Supp. 876, 880 (S.D.N.Y. 1977). The court held that jurisdiction existed over a post-appeal motion because the motion concerned events that transpired after the

---

[1] "In general, the filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal.*" *Satcom Int'l Group PLC v. Orbcomm Intern. Partners, L.P.*, 55 F. Supp. 2d 231, 233 (S.D.N.Y. 1999) (quoting *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir.1996); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) (alteration and quotation marks omitted; emphasis added). At its heart, "it is a judge made rule . . . to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989) (quoting *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)). Therefore, "[w]hatever the superficial attractiveness of a per se rule that filing of a notice of appeal automatically divests the district court of jurisdiction as to matters covered by the notice, such a rule is subject to abuse, and [the] application of the divestiture rule must be faithful to the principle of judicial economy from which it springs." *Satcom*, 55 F. Supp. 2d at 233 (quoting *Rodgers*, 101 F.3d at 251).

[2] The district court in *Uzan* also held that money being held in trust by one party was not the subject of the appeal and, therefore, could be distributed by court order to pay attorneys' fees. *See Motorola Credit Corp. v. Uzan*, 282 F. Supp. 2d 133, 135 (S.D.N.Y. 2003).

judgment was entered and dealt with facts and issues that were not addressed in the judgment or on appeal.

Here, the ESM Parties' motion to limit Assured's communications with certificateholders does not involve "the questions raised and decided in the order that is on appeal." *New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989). The issue on appeal is limited to the Court's interpretation of the Trust's governing documents regarding the distribution of funds. The ESM Parties' motion raises questions about whether Assured may approach certificateholders in an effort to negotiate settlement, without any limitations or monitoring, where the initial communication from Assured was misleading and where Assured may seek to convince certificateholders to forfeit their rights through misleading, one-sided, coercive or abusive communications that overstate the strength of Assured's position and understate this Court's analysis and the strength of the certificateholders' claims. This Court's ability to prevent certificateholders from potentially being misled or cajoled into compromising their rights by improper communications does not impact the ruling before the Court of Appeals and is entirely collateral to the issues on appeal. Furthermore, as in *EEOC v. Locals 14 and 15*, Assured's communications with certificateholders occurred well after the judgment was entered and the appeal was fully briefed. Challenges to those communications were not and obviously could not have been raised before the Second Circuit in the notice of appeal or briefing on the pending appeal. Therefore, while the "exact contours of 'collateral matters' may remain somewhat blurred," *In re AOL Time Warner ERISA Litigation*, No. 02 Cv. 8853(SWK), 2008 WL 186194, at *2 (S.D.N.Y. Jan. 18, 2008), the issues raised by the ESM Parties' motion undoubtedly qualify. Because these issues are not involved in the appeal, this Court retains jurisdiction to address them.

**B.      This Court Has Jurisdiction to Preserve the *Status Quo*.**

In addition to the fact that the motion raises issues that are entirely collateral to the decision on appeal, this Court has jurisdiction over the ESM Parties' motion because the issues raised in the motion ensure that the *status quo* is preserved pending appeal.  The district court is empowered during appeal to take actions that are "in aid" of the appeal, including preserving the *status quo*.[3]  *International Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1017 (2d Cir. 1988) (citations and quotation marks omitted).   Federal Rule of Civil Procedure 62 states:   "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party."[4]  FED. R. CIV. P. 62(c); *see International Ass'n of Machinists*, 847 F.2d at 1017.  "This rule has been interpreted to allow district courts to grant relief as may be necessary to preserve the status quo pending an appeal, even without the consent of the court of appeals."  *International Ass'n of Machinists*, 847 F.2d at 1017 (citing *New York v. Nuclear Regulatory Comm'n*, 550 F.2d 745, 758–59 (2d Cir. 1977); *Ideal Toy Corp. v. Sayco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962); 7 J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 62.05 (2d ed. 1987)).

---

[3]      Some cases suggest that acting "in aid of appeal" and "preserving the status quo" are separate bases for a district court's retention of jurisdiction.  *See, e.g.*, *MasterCard Int'l Inc. v. Federation Internationale de Football Ass'n*, No. 06 Civ. 3036(LAP), 2007 WL 631312, at *5 n.2 (S.D.N.Y. Feb. 28, 2007).  However, there appears to be no meaningful distinction between the two concepts.  *See, e.g.*, *International Ass'n of Machinists*, 847 F.2d at 1017-18.

[4]      *See also* FED. R. APP. P. 8(a)(1) ("A party must ordinarily move first the district court for the following relief: . . . an order suspending, modifying, restoring or granting an injunction while an appeal is pending.").

For example, in *Kidder, Peabody & Co. v. Maxus Energy Corp.*, while an appeal was pending, one party filed a motion with the district court seeking to enjoin the other party from pursuing a parallel case in another state.  925 F.2d 556, 560-61 (2d Cir. 1991).  The other party argued that the district court lacked jurisdiction to issue such an order.  *Id.* at 564.  The Court of Appeals disagreed, holding that under Federal Rule of Civil Procedure 62(c), "a district court may grant injunctive relief after a proper notice of appeal has been filed, but only when it is necessary to preserve the status quo pending the appeal."  *Id.* at 565.  In *MasterCard International, Inc. v. Federation Internationale de Football Association*, the district court relied on *Kidder* for its authority to issue a post-appeal injunction to prevent the defendant from unraveling a district court order, thus preserving the status quo of the case on appeal.  *See* No. 06 Civ. 3036(LAP), 2007 WL 631312, at *1, 5 (S.D.N.Y. Feb. 28, 2007).

In the present case, this Court has jurisdiction to grant the ESM Parties' motion because it preserves the *status quo*.  The Court's Judgment in this case is in the form of injunctive relief, ordering Wells Fargo to distribute the escrowed funds in a certain way. Assured's communications with certificateholders are designed to convince certificateholders to alter the Court's determination by agreeing to a settlement that would presumably provide for a different distribution of the escrowed funds.  The ESM Parties' motion seeks equitable relief, limiting or monitoring Assured's communications with certificateholders.  It is designed to prevent Assured from improperly convincing certificateholders, through potentially misleading or coercive communication, to forfeit their rights and alter the *status quo* of this case, at least as it relates to those certificateholders' claims to the escrowed amounts.  The motion also seeks to prevent Assured from adversely impacting the entire escrow fund, to the extent Assured could try to bind all certificateholders to any settlement Assured may negotiate with certificateholders

who respond to its Notice.   While Assured may contend that its communications with certificateholders alone do not disturb this Court's Order or Judgment, that distinction is meritless – Assured's communications with certificateholders is the first step designed to effectuate a change to those certificateholders' rights adjudicated by this Court.   This Court need not wait until certificateholders are potentially convinced to give up their rights before taking action to ensure that the means used by Assured in communicating with certificateholders about settlement are not improper, misleading or coercive.   Thus, this Court maintains the jurisdiction necessary to decide the motion and prevent Assured from engaging in improper conduct that could alter the Court's judgment and undermine the rights of the certificateholders that are currently the subject of the appeal.

   C.   **This Court Has Jurisdiction to Enforce Its Orders and Judgments While the Case Is on Appeal.**

   As yet another basis for this Court to exercise jurisdiction, "a district court remains vested with the ability to enforce an order, even while the order is *sub judice* before the reviewing court."   *Red Ball Interior Demolition Corp. v. Palmadessa*, 947 F. Supp. 116, 120 (S.D.N.Y. 1996) (citing *Petersen v. Vallenzano*, 1996 WL 252376, *4 (S.D.N.Y. May 13, 1996)); *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994).   "This is true because in implementing an appealed order, the court does not disrupt the appellate process so long as its decision remains intact for the appellate court to review."   *In re Prudential Lines, Inc.*, 170 B.R. at 243.

   In the present case, the ESM Parties are not asking the Court to alter or amend its Order or Judgment in any way.   To the contrary, in addition to preserving the *status quo*, the ESM Parties' motion is designed to preserve and enforce this Court's Order and Judgment directing payment of the escrowed funds to certificateholders, rather than Assured.   Assured's

activities in attempting to convince certificateholders who have not participated in this case to settle their claims (particularly by presenting Assured's position in a misleading or overly favorable light) are designed to undermine the effect of this Court's Judgment.  They are also contrary to the stay pending appeal that Assured sought from this Court.  Thus, this Court has jurisdiction to decide the motion and prevent Assured from improperly disrupting the impact of the Judgment that is currently on appeal and the stay order it previously entered.

### D.      In the Alternative, the Court Should Rule on the Motion Under Rule 62.1.

If this Court nonetheless determines that it lacks jurisdiction over the ESM Parties' motion (which it should not), the Court still may pass on the merits of the motion. Federal Rule of Civil Procedure 62.1 allows the district court to review a motion during an appeal and, if the Court decides that the motion should be granted, alert the Court of Appeals to that fact.  Under Rule 62.1, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  As the Court most familiar with the history of this case, this Court is best suited to determine whether the current motion should be granted.  Rule 62.1 allows the Court to do so, even if jurisdiction is otherwise lacking.

## CONCLUSION

For the foregoing reasons, the ESM Parties respectfully submit that this Court retains jurisdiction over their motion submitted pursuant to Rules 23 and 83.

Dated: October 17, 2012

Respectfully submitted,

_____
Jarrett M. Behar, Esq.
Sinnreich Kosakoff & Messina LLP
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
p: (631) 650-1200
f:  (631) 650-1207

OF COUNSEL:
M. Norman Goldberger (*pro hac vice*)
Laura E. Krabill (*pro hac vice*)
Ballard Spahr LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103

*Attorneys for the ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Jarrett M. Behar, hereby certify that a true and correct copy of the foregoing

Memorandum of Law has been served upon all counsel of record via ecf and upon the pro se

litigants via email.

Dated: October 17, 2012                    _____

                                           Jarrett M. Behar