UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., solely in its capacity as Trust Administrator,<br><br>    Interpleader Plaintiff,<br><br>    -against-<br><br>ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., ESM MANAGEMENT LLC, ESM INVESTORS LTD., DAVID VISHER, ALEXANDER BAKAL, JEAN DAVID ITTAH, ORION PARTNERS LLC, FINANCIAL SECURITY ASSURANCE INC. (n/k/a ASSURED GUARANTY MUNICIPAL CORP.), CEDE & CO., as a registered Holder of certain Certificates and nominee name of the Depositary Trust Company, and DOES 1 through 100, beneficial owners of certain Certificates,<br><br>    Interpleader Defendants. | Case No. 10-cv-7332<br><br><br>Judge Alison J. Nathan<br><br>Magistrate Judge Michael H. Dolinger |

**MEMORANDUM OF FINANCIAL SECURITY ASSURANCE INC.
(N/K/A ASSURED GUARANTY MUNICIPAL CORP.) IN OPPOSITION
TO MOTION FOR RELIEF PURSUANT TO RULES 23 AND 83**

               Philippe Z. Selendy
               Adam M. Abensohn

               QUINN EMANUEL URQUHART
               & SULLIVAN LLP
               51 Madison Avenue, 22nd Floor
               New York, New York 10010
               (212) 849-7000

               *Attorneys for Interpleader Defendant*
               *Financial Security Assurance Inc.*
               *(n/k/a Assured Guaranty Municipal Corp.)*

## INTRODUCTION

Interpleader Defendant Financial Security Assurance Inc. (n/k/a Assured Guaranty Municipal Corp.; hereinafter, "Assured") respectfully submits this memorandum of law to address the question of whether the district court has jurisdiction to hear the motion of ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC (collectively, the "ESM Parties"), to monitor or limit Assured's communications with certificateholders who have not participated in this action. Not only have the ESM Parties failed to assert a valid legal basis for their motion, but they also have failed to demonstrate that this Court should exercise jurisdiction to grant such relief. Assured's filing of its notice of appeal on January 6, 2012 invested the Second Circuit with jurisdiction over all aspects of this action, and any settlement discussions are inextricably intertwined with the resolution of the appeal and thus subject to the jurisdiction of the Court of Appeals. In this situation, the District Court should decline to hear the ESM Parties' motion.

## BACKGROUND

Wells Fargo Bank, N.A. ("Wells Fargo") commenced this interpleader action in September 2010 seeking judicial guidance concerning the proper payment priority for funds it collects in its capacity as Trust Administrator for the MASTR Adjustable Rate Mortgages Trust 2006-OA2 (the "Transaction"). On March 29, 2011, the District Court (Sand, J.) issued an opinion granting judgment on the pleadings for the Certificateholder Defendants[1] and dismissing all cross-claims against Assured. *Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 785 F. Supp. 2d 188, 198-99 (S.D.N.Y. 2011). On January 6, 2012, Assured filed a timely notice of appeal to the United States Court of Appeals for the Second Circuit. Not. of Appeal, Jan. 6, 2012 (doc. no.

---

[1] Assured uses the term "Certificateholder Defendants" to encompass all of the Defendants in this action other than itself, Cede & Co., and the John Does.

1

128). Briefing in the appeal was completed on July 3, 2012. The District Court has stayed its Judgment during the pendency of the appeal. Order, July 24, 2012, at 10 (doc. no. 152).

On July 31, 2012, Assured requested that the Transaction Trustee and Wells Fargo post a notice notifying certificateholders that Assured was interested in pursuing settlement discussions. Wells Fargo posted the notice on August 2, 2012. Ex. 4 to Decl. of Laura E. Krabill in Supp. of ESM Mot. for Relief Under Rules 23 & 83 ("Krabill Decl."), Aug. 29, 2012 (doc. no. 155-4). The notice indicated that the case currently was on appeal and provided the docket numbers for the district court and the Second Circuit cases as well as the reporter citation for the District Court opinion on the merits. *Id.* The notice did not comment on the merits of the case. *Id.*

On August 29, 2012, the ESM Parties filed their motion, requesting that the District Court monitor or limit Assured's communications with certificateholders regarding settlement, whether they were represented by the ESM Parties' counsel or not. Not. of Mot., Aug. 29, 2012 (doc. no. 154). Prior to filing the motion, counsel for the ESM Parties had attempted to convince counsel for Assured that the ESM Parties had the right to participate in any settlement discussions with other certificateholders, but cited no authority supporting this purported right. Ex. 8 to Krabill Decl., Aug. 29, 2012 (doc. no. 155-8).

On October 3, 2012, this Court set oral argument for November 1, 2012 and requested the parties brief the question of whether this Court retains jurisdiction to grant the ESM Parties relief on their motion. Order, Oct. 3, 2012 (doc. no. 162).

### THE PENDING APPEAL INVESTS THE SECOND CIRCUIT WITH JURISDICTION OVER SETTLEMENT DISCUSSIONS

This Court does not have jurisdiction over the ESM Parties' motion. The filing of the notice of appeal divested the District Court of jurisdiction over all matters except those collateral to the issues in the appeal. Because settlement discussions relate directly to the resolution of the

appeal, and because the Second Circuit has in place mechanisms for facilitating and monitoring the progress of such discussions, this Court should decline to entertain the ESM Parties' motion.

When a party files a notice of appeal from a final judgment, the district court is divested of jurisdiction over all aspects of the case that are covered by the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (the filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); *see also United States v. Rivera*, 844 F.2d 916, 921 (2d Cir. 1988) ("Simply put, jurisdiction follows the mandate."). This jurisdictional rule, rooted in the interests of judicial economy, is "designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quotation omitted). There are limited exceptions to this general rule for collateral matters, such as attorneys' fees. *See Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220 (2d Cir. 2004) ("[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters.").

While the ESM Parties' motion is styled as one under Rules 23 and 83 of the Federal Rules of Civil Procedure, the relief it seeks relates exclusively to settlement. *See* Not. of Mot., Aug. 29, 2012 (doc. no. 154) ("…the ESM Parties hereby move for an order limiting or monitoring communications by Interpleader Defendant, Financial Security Assurance Inc. n/k/a Assured Guaranty ('Assured'), with unrepresented certificateholders whose interests are impacted by this lawsuit and granting such other and further relief as the Court deems just and proper.").[2] Settlement of the underlying action does not fall within the "collateral matter"

---

[2] The ESM Parties do not even attempt to defend the application of Rule 23 to their motion, so this Court may properly view their motion as made purely under Rule 83. *See* ESM Reply Mem., Sept. 19, 2012 (doc. no. 160), at 1 (noting that Assured raised arguments

exception to the general rule. *Cf. Tancredi*, 378 F.3d at 225 (noting that "collateral matters" include claims for attorney's fees and costs). To the contrary, the Second Circuit has in place its own procedures, stemming from the Federal Rules of Appellate Procedure, for facilitating settlement discussions. *See* Fed. R. App. P. 33 (appellate "court may direct the attorneys—and, when appropriate, the parties—to participate in one or more conferences to address any matter that may aid in disposing of the proceedings, including simplifying the issues and discussing settlement"); *see also* 2d Cir. Local R. 33.1 (Civil Appeal Management Plan). An order from the District Court to monitor or limit settlement discussions would conflict with the Second Circuit's authority over such discussions and be inconsistent with the rationale underlying the jurisdictional rule.

Moreover, settlement discussions relate directly to resolution of the appeal. In cases in which the issues before the district court "overlap" with the issues on appeal, the District Court lacks jurisdiction. *See Drywall Tapers and Pointers of Greater N.Y. v. Bovis Lend Lease Interiors, Inc.*, No. 05 CV 2746, 2006 WL 322384, at *2 (E.D.N.Y. Feb. 10, 2006) (explaining that whether the court has jurisdiction to decide a motion "essentially depends on whether the issues raised by that motion overlap with the issues 'involved in' [the] appeal"). The fact that the Second Circuit would have to remand the case for the District Court to take any action relating to settlement further demonstrates that the District Court should not exercise jurisdiction absent a remand. *See In re AOL Time Warner ERISA Litig.*, No. 02 CV 8853, 2008 WL 186194

---

concerning "the applicability of Rule 23 to this case," but nowhere refuting, much less addressing, those arguments). Rule 83 provides the District Court with the authority to "regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." This general authority, however, should not be used in a way that could interfere with the Second Circuit's jurisdiction over the appeal.

4

(S.D.N.Y. Jan. 18, 2008). As a result, this Court should decline to exercise jurisdiction over the ESM Parties' motion.

## CONCLUSION

For the foregoing reasons, this Court should decline to exercise jurisdiction over the motion for relief pursuant to Fed. R. Civ. P. 23 and Fed. R. Civ. P. 83.

DATED: New York, New York
October 17, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: s/ Philippe Z. Selendy
Philippe Z. Selendy
philippeselendy@quinnemanuel.com
Adam M. Abensohn
adamabensohn@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Attorneys for Financial Security Assurance, Inc. (n/k/a Assured Guaranty Municipal Corp.)*

5

**CERTIFICATE OF SERVICE**

  I hereby certify that I caused to be electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of New York by using the SDNY CM/ECF system on October 17, 2012.  I hereby certify that I caused the foregoing to be deposited with the United States Postal Service on October 17, 2012, for service via First Class Mail to:

>David J. Ittah
>1500 Locust Street, Apt. 4213
>Philadelphia, PA 19102
>
>Alexander Bakal
>34 Leonard Street, Apt. 5A
>New York, NY 10013
>
>David Visher
>28808 Cliffside Dr.
>Malibu, CA 90265

I certify that the remaining parties in the case are registered ECF users and that service will be accomplished by the SDNY CM/ECF system.

s/ Philippe Z. Selendy