UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A.<br><br>       Interpleader Plaintiff,<br><br>  v.<br><br>ESM FUND I, LP, et al.,<br><br>       Defendants. | 10-CV-7332<br><br>MEMORANDUM OF LAW OF ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., AND ESM MANAGEMENT LLC IN RESPONSE TO MEMORANDUM OF FINANCIAL SECURITY ASSURANCE INC. (N/K/A ASSURED GUARANTY MUNICIPAL CORP.) IN OPPOSITION TO MOTION FOR RELIEF PURSUANT TO RULES 23 AND 83. |

**MEMORANDUM OF LAW OF ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., AND ESM MANAGEMENT LLC IN RESPONSE TO MEMORANDUM OF FINANCIAL SECURITY ASSURANCE INC. (N/K/A ASSURED GUARANTY MUNICIPAL CORP.) IN OPPOSITION TO MOTION FOR RELIEF PURSUANT TO RULES 23 AND 83**

| | |
|---|---|
| Jarrett M. Behar, Esq.<br>Sinnreich Kosakoff & Messina LLP<br>267 Carleton Avenue, Suite 301<br>Central Islip, New York 11722<br>p: (631) 650-1200<br>f:  (631) 650-1207 | M. Norman Goldberger (admitted *pro hac vice*)<br>Laura E. Krabill (admitted *pro hac vice*)<br>Ballard Spahr LLP<br>1735 Market Street, 51st Fl.<br>Philadelphia, PA 19103<br>p: (215) 864-8848<br>f: (215) 864-9756<br><br>Attorneys for ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC |

Dated:  October 24, 2012

DMEAST #15836735 v1

## INTRODUCTION

In its brief addressing this Court's jurisdiction to hear the pending Motion for Relief Pursuant to Rules 23 and 83 (the "Motion"), Assured attempts to obscure the fundamental nature of the Motion.[1]  The Motion does not ask this Court to approve or even to oversee the potential settlement of this case.  Instead, the Motion seeks this Court's involvement to ensure that Assured does not engage in misleading and coercive communications with certificateholders who did not participate in the underlying matter and were not named as parties but whose rights are impacted by this Court's rulings.  That the pending Motion does not concern settlement communications among the parties to the case is absolutely clear since the Motion is based partly on Assured's refusal to even advise the certificateholders who are parties to this case of its settlement proposal or intended communications with non-party certificateholders who respond to its Notice.

To the extent that a motion involves actual settlement and dismissal of a dispute pending in the Court of Appeals, it makes sense that the District Court would lack jurisdiction to hear that motion since because, as the case law cited by the ESM Parties demonstrates, it would clearly affect the Court of Appeals' review of the underlying decision.  Here, however, even if Assured convinced some non-party certificateholders to forego their rights as adjudicated by this Court, that would not affect the judgment or decision on appeal.  Assured would continue to seek reversal of this Court's rulings and the ESM Parties and the *pro se* certificateholders would continue to advocate for its affirmance.  The Second Circuit's analysis and determination on

---

[1]  In footnote 2 on page 3 of Assured's brief, it contends that the ESM Parties did not attempt to defend the application of Rule 23 to their Motion.  Not only is this blatantly untrue (as evident from the ESM Parties' extensive discussion of Rule 23 and its applicability to this issue), it is an improper sur-reply on the merits and does not relate to the jurisdictional question identified by the Court.

appeal would still control the outcome for the parties to the litigation and likely for the vast majority of certificateholders in the Trust.  Assured's efforts to pick off certain non-party certificateholders through settlement (and to do so by potentially presenting a misleading, one-sided analysis of the strengths and weaknesses of the opposing positions in this case) does not constitute settlement negotiations between the parties to litigation that could resolve the matter and moot the issues on appeal.

Thus, as the ESM Parties showed in their prior brief, the pending Motion presents issues that are collateral to the dispute before the Second Circuit, and this Court retains jurisdiction to hear and decide those issues.

## ARGUMENT

### A.        Assured Mischaracterizes the ESM Parties' Motion.

The ESM Parties filed the Motion to prevent Assured's attempts to settle with non-party certificateholders through misleading, one-sided, and potentially coercive communications.  Assured directed its communications solely at certificateholders who are not named parties, purposely excluding all certificateholders who are participating in this action.  It appears that Assured has bypassed the named certificateholders and sought to negotiate with non-parties who are less familiar with the issues and holdings in this case in the hopes of obtaining individual settlements that do not reflect an informed analysis of the relative strengths of the positions on appeal and, as such, are more favorable to Assured.

Assured suggests in its brief that the Motion relates to typical settlement discussions among parties to the case.  Nothing could be farther from the truth.  Rather, the Motion attempts to prevent Assured from undermining non-parties' rights that were adjudicated

by this Court through improper means.² Ironically, by excluding the named parties to the litigation from its settlement discussions, Assured is actually eschewing the normal channels of settlement, including those processes which it claims divest this Court of jurisdiction.

### B. The Federal Rules Do Not Divest This Court of Jurisdiction.

Federal Rule of Appellate Procedure 8 "requires a party seeking . . . an order concerning an injunction pending appeal . . . to apply first to the district court." 16A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, RICHARD D. FREER, JOAN E. STEINMAN, CATHERINE T. STRUVE, VIKRAM DAVID AMAR, FEDERAL PRACTICE & PROCEDURE § 3949.1 (4th ed.). Therefore, rather than divesting the district courts of jurisdiction over matters such as those raised in the Motion, the federal rules mandate it.

Assured's reliance on Appellate Rule 33 and Second Circuit Local Rule 33.1 for a different result is unfounded. Appellate Rule 33 states, in its entirety:

> The court may direct the attorneys – and, when appropriate, the parties – to participate in one or more conferences to address any matter that may aid in disposing of the proceedings, including simplifying the issues and discussing settlement. A judge or other person designated by the court may preside over the conference, which may be conducted in person or by telephone. Before a settlement conference, the attorneys must consult with their clients and obtain as much authority as feasible to settle the case. The court may, as a result of the conference, enter an order controlling

---

² The ESM Parties' concern about Assured's conduct has been heightened even further since the briefing on the pending Motion was completed. In particular, the ESM Parties have just recently learned that Quinn Emmanuel, Assured's counsel – who conceded it was aware of Assured's Notice and intent to negotiate directly with certificateholders – has recently filed a Complaint on behalf of the Trust itself against UBS Real Estate, the underwriter for the Trust. *See* UBS Complaint (S.D.N.Y. Case No. 12-cv-7322-HB), attached to accompanying Declaration of Jarrett M. Behar as Exhibit A. The Complaint purports to assert claims seeking damages for the benefit of both Assured and all of the certificateholders of the Trust – the very parties who Assured (and Quinn Emmanuel) are currently in direct conflict with in this case. Thus, Assured, with Quinn Emmanuel's acquiescence and potentially at its direction, is attempting to convince certificateholders to compromise their rights in this case while its counsel is simultaneously purporting to pursue those certificateholders' interests in the UBS Complaint.

>the course of the proceedings or implementing any settlement agreement.

FED. R. APP. P. 33.  Local Rule 33.1 simply provides greater detail regarding the process by which Appellate Rule 33 is effectuated.

Assured wrongly contends that "[a]n order from the District Court to monitor or limit settlement discussions would conflict with the Second Circuit's authority over such discussions," which is supposedly set forth in Appellate Rule 33 and Local Rule 33.1.  *See* Assured Brief at 4.  The first problem with Assured's reliance on Appellate Rule 33 and Local Rule 33.1 is that, rather than mandating any particular process or oversight by the appellate court, both rules speak in wholly permissive terms.  FED. R. APP. P. 33 ("court *may* direct the attorneys – and, when appropriate, the parties – to participate in one or more conferences;" "court *may* preside over the conference;" "court *may*, as a result of the conference, enter an order") (emphases added); Local Rule 33.1(c) ("Staff counsel *may* direct counsel for the parties to participate in a conference") (emphasis added).  The second, and more pressing, problem with Assured's theory is that Rule 33 and Local Rule 33.1 do not apply to the non-party certificateholders who are the focus of Assured's communications and the subject of the Motion.  Both rules authorize the Court of Appeals to conduct settlement discussions between counsel and *parties* to the case.  Neither rule addresses the Court of Appeals' authority to control settlement communications between a party and a non-party to the case.  Accordingly, this Court is the proper arbiter of disputes relating to communications between Assured and non-party certificateholders whose rights are affected by this Court's rulings.

Assured identified no case – nor could the ESM Parties find one – in which a court relied on Rule 33 to divest a district court of jurisdiction over all matters that in any way concerned settlement discussions, particularly with non-parties.  Indeed, at least one court has

held that a Court of Appeals does not have sole province over *a party's* alleged violation of the standards surrounding the Rule 33 settlement process and, instead, such issues may be addressed by district courts where "prudential concerns" warrant it. *See Keck Garrett & Associates, Inc. v. Nextel Communications, Inc.*, 517 F.3d 476, 487-88 (7th Cir. 2008).

The two cases cited by Assured to support its assertion that this Court lacks jurisdiction over the Motion are simply inapposite. The first, *Drywall Tapers & Pointers of Greater NY v. Bovis Lend Lease Interiors, Inc.*, No. 05 CV 2746 JG, 2006 WL 322384 (E.D.N.Y. Feb. 10, 2006), stands for the proposition that, during an appeal, a district court lacks jurisdiction to change the make up of the parties of a case.[3] This has nothing to do with the Motion. The ESM Parties are not attempting to alter the parties to the case; they are merely asking that this Court limit or monitor Assured's communications with non-parties to ensure that Assured does not mislead or improperly coerce those non-parties to forfeit the rights addressed by this Court.

The second case cited by Assured, *In re AOL Time Warner ERISA Litigation*, No. 02 Cv. 8853(SWK), 2008 WL 186194 (S.D.N.Y. Jan. 18, 2008), similarly does not support its position. Assured argues that *In re AOL* stands for the proposition that, once a case is on appeal, the Court of Appeals has exclusive jurisdiction over anything to do with settlement discussions. *See* Assured Br. at 4. However, *In re AOL* and the cases it cites do not make such a broad pronouncement. Instead, they stand for the limited proposition that District Courts cannot

---

[3] *See also Securities and Exchange Commission v. Investors Sec. Corp.*, 560 F.2d 561, 568 (3d Cir. 1977) (after notice of appeal was filed, district court lacked jurisdiction to permit intervention).

*approve* settlements – and thereby dismiss cases – that are on appeal without the Court of Appeals first remanding the case.  *See In re AOL*, 2008 WL 186194, at *2 (citing cases). [4]

This rule is consistent with the cases and collateral issues rule cited in the ESM Parties' opening jurisdictional brief [Docket No. 163].  The District Court is divested of jurisdiction over issues that would result in "confusion or waste of time resulting from having the same issues before two courts at the same time."  *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989) (quoting *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984)).  As one court explained, "[t]his rule is clearly necessary to prevent the procedural chaos that would result if concurrent jurisdiction were permitted."  *In re Markarian*, 228 B.R. 34, 47 (B.A.P. 1st Cir. 1998).  Confusion, waste of time, and even procedural chaos could indeed occur were district courts to approve settlements and dismiss cases pending on appeal.  That concern is not applicable here, where the Motion addresses only limitations or restrictions on Assured's communications with non-party certificateholders to ensure that Assured does not convince those certificateholders to give up their rights based on misinformation or a biased presentation of the case.  This Court's ruling on the Motion will not alter the Second Circuit's analysis of the underlying judgment or decision, and will not result in duplicative determinations by both courts.  Thus, as the ESM Parties' opening brief demonstrates, this Court retains jurisdiction to hear the pending Motion.

---

[4] *In re AOL* makes it holding clear, citing the following cases with these exact parentheticals: *In re Markarian*, 228 B.R. 34, 47-48 (B.A.P. 1st Cir. 1998) (holding that district court lacked jurisdiction ***to approve settlement and dismiss case*** while appeal was pending); *Woodhull v. County of Kent*, 04 Cv. 203 (WAM), 2007 U.S. Dist. LEXIS 8039, at *2 (W.D. Mich. Feb. 5, 2007) (implying that order of remand was necessary before district court could ***approve settlement of claims and dismissal of appeals***); *Shore v. Parklane Hosiery Co.*, 74 Cv. 4986(CSH), 1979 U.S. Dist. LEXIS 14318, at *4 (S.D.N.Y. Feb. 21, 1979) (noting that district court's jurisdiction ***to approve settlement*** is unclear pending appeal).  *See In re AOL*, 2008 WL 186194, at *2 (emphases added).

## CONCLUSION

For the foregoing reasons, the ESM Parties respectfully submit that this Court retains jurisdiction over their Motion submitted pursuant to Rules 23 and 83.

Dated: October 24, 2012

Respectfully submitted,

_____
Jarrett M. Behar, Esq.
Sinnreich Kosakoff & Messina LLP
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
p: (631) 650-1200
f:  (631) 650-1207

OF COUNSEL:
M. Norman Goldberger (*pro hac vice*)
Laura E. Krabill (*pro hac vice*)
Ballard Spahr LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103

*Attorneys for the ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC*

**CERTIFICATE OF SERVICE**

       I, Jarrett M. Behar, hereby certify that a true and correct copy of the foregoing Reply Memorandum of Law in Further Support and Declaration have been served upon all counsel of record via ECF and upon the pro se litigants via email.

Dated: October 24, 2012                      _____
                                                             Jarrett M. Behar