UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., solely in its capacity as Trust Administrator,<br><br>    Interpleader Plaintiff,<br><br>    -against-<br><br>ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., ESM MANAGEMENT LLC, ESM INVESTORS LTD., DAVID VISHER, ALEXANDER BAKAL, JEAN DAVID ITTAH, ORION PARTNERS LLC, FINANCIAL SECURITY ASSURANCE INC. (n/k/a ASSURED GUARANTY MUNICIPAL CORP.), CEDE & CO., as a registered Holder of certain Certificates and nominee name of the Depositary Trust Company, and DOES 1 through 100, beneficial owners of certain Certificates,<br><br>    Interpleader Defendants. | Case No. 10-cv-7332<br><br>Judge Alison J. Nathan<br><br>Magistrate Judge Michael H. Dolinger |

**MEMORANDUM OF FINANCIAL SECURITY ASSURANCE INC.
(N/K/A ASSURED GUARANTY MUNICIPAL CORP.) IN FURTHER OPPOSITION
TO MOTION FOR RELIEF PURSUANT TO RULES 23 AND 83**

              Philippe Z. Selendy
              Adam M. Abensohn

              QUINN EMANUEL URQUHART
              & SULLIVAN LLP
              51 Madison Avenue, 22nd Floor
              New York, New York 10010
              (212) 849-7000

              *Attorneys for Interpleader Defendant*
              *Financial Security Assurance Inc.*
              *(n/k/a Assured Guaranty Municipal Corp.)*

## INTRODUCTION

Interpleader Defendant Financial Security Assurance Inc. (n/k/a Assured Guaranty Municipal Corp.; hereinafter, "Assured") respectfully submits this response to the submission by ESM Fund LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC (the "ESM Parties"), of October 17, 2012, concerning the jurisdiction of this Court over the motion by the ESM Parties for Relief Pursuant to Rules 23 and 83 (the "Motion"). As set forth by Assured in its opening submission, also on October 17, 2012, the District Court does not retain jurisdiction to entertain the ESM Parties' application, in light of the appeal now pending before the Second Circuit, and the Motion is therefore defective on that basis, as well as for the reasons given in Assured's Opposition to the Motion, filed September 12, 2012. The arguments made by the ESM Parties in their October 17 submission should be rejected.

## ARGUMENT

The ESM Parties present a series of arguments in support of their position that this Court has jurisdiction over its application to restrict Assured's communications with willing certificateholders, despite the fact that the judgment fully resolving this action, entered on December 13, 2011, is now before the Second Circuit. Those arguments should be rejected.

*First*, the ESM Parties argue (at 4) that jurisdiction exists because their application concerns matters "collateral" to the appeal. This assertion is plainly incorrect. The Motion by the ESM Parties is expressly a request that this Court monitor or limit Assured's ability to confer with certificateholders regarding possible settlement of the matter now on appeal. Indeed, as the ESM Parties describe in their Motion, which has no basis in the law,[1] Assured's notice to certificateholders expressly references the Second Circuit appeal, and proposes discussions

---

[1] *See* Mem. of Assured In Opposition to Mot. for Relief Pursuant to Rules 23 and 83, Sept. 12, 2012 (doc. no. 157).

regarding potential settlement of judgment in "the interpleader action."[2]  Simply stated, ESM's application is not "collateral" to the appeal:  It is a direct effort to limit Assured's ability, through discussions with willing certificateholders, to pursue potential resolution of the very matter now on appeal.[3]  Further, as Assured demonstrated in its opening submission, any question as to whether the Second Circuit has jurisdiction over matters relating to the potential settlement of actions before it is clear from its own Rule 33, which establishes a protocol for oversight of settlement discussions between parties.[4]

The ESM Parties' cited authority, moreover, does not support their application, but serves only to demonstrate that this case does not warrant an exception to the general rule whereby the District Court is divested of jurisdiction upon appeal.  For instance, the ESM Parties cite *New York State NOW v. Terry*, 886 F.2d 1339 (2d Cir. 1989).  There, in the context of a dispute concerning access to abortion clinics, the Court explained:

> The rule is that if an appeal is taken from a judgment determining the entire action, the district court's hands are tied, except to aid the appeal under Fed.R.App.P. 7 and 8, and to correct clerical errors under Fed.R.Civ.P. 60(a).  An exception exists from an order granting or denying a preliminary injunction, which does not prevent the district court from proceeding on the merits.  Another

---

[2]  Decl. of Laura E. Krabill in Supp. of ESM Mot. for Relief Under Rules 23 & 83, Aug. 29, 2012 (doc. no. 155) ("Krabill Decl.") Ex. 4.

[3]  The ESM Parties make the surprising concession, in their filing earlier today, that "[t]o the extent that a motion involves actual settlement and dismissal of a dispute pending in the Court of Appeals, it makes sense that the District Court would lack jurisdiction to hear that motion since because, as the case law cited by the ESM Parties demonstrates, it would clearly affect the Court of Appeals' review of the underlying decision." Mem. of ESM in Opp. to Mot. for Relief Pursuant to Rules 23 and 83, Oct. 24, 2012 (doc. no. 165), at 1.  While the ESM Parties may portray their application as something else, it is, as discussed in text, directed towards limiting Assured's ability to consult with willing certificateholders in an effort to pursue resolution of the very matter now before the Second Circuit.  As such, even under the standard that the ESM Parties seem to accept, the Motion should be denied on jurisdictional grounds.

[4]  Assured's notice was circulated to all certificateholders, including those certificateholders who have participated in these proceedings, as well as all other certificateholders, designated as "John Doe" parties in this action.  *See* Krabill Decl. Ex. 4.

2

>exception to total divestiture of district court jurisdiction occurs when the judgment appealed from does not determine the entire action, in which case the district court may proceed with those matters not involved in the appeal.

*Id.* at 1350.  Assured has not appealed a preliminary injunction, and there is nothing remaining in this case that requires resolution by the District Court while the appeal is pending.  Rather, the ESM Parties are asking this Court to assert continuing jurisdiction despite the undisputed fact that the present appeal is "from a judgment determining the entire action."  *See* Not. of App., Jan. 1, 2012 (doc. no. 127) (appealing final judgment of the District Court entered Dec. 13, 2011).  That is exactly the type of request that is not appropriately heard during the pendency of an appeal, and should not be heard here.

      The ESM Parties' remaining authority similarly undermines their position.  In *Zorn v. United States*, 2006 WL 778603 (D. Vt. March 24, 2006), for instance, the District Court exercised jurisdiction to grant a stay *prohibiting* the plaintiff from submitting papers while the action was on appeal.  *Id.* at *1.  Thus, while the Court asserted jurisdiction, it did so for the specific purpose of putting an end to continued motion practice.  As the Court explained, there was no "need for additional motions to be filed in this Court while the case is on appeal."  *Id.*  This is hardly authority in the ESM Parties' favor.  Rather, it highlights that their application imposes on this Court to address an insubstantial issue – whether Assured can communicate with willing certificateholders – while the very subject matter of such communications, the possible resolution of the dispute concerning the distribution of funds pursuant to the Trust waterfall, is before the Second Circuit.  The ESM Parties also cite *Motorola Credit Corp. v. Uzan*, 388 F.3d 39 (2d Cir. 2004), where the Court held that the District Court retained jurisdiction over the action pending the decision on an appeal from the denial of a motion to compel arbitration.  *Id.* at 53-54.  Unlike here, then, the appeal was not "from a judgment determining the entire action,"

*Terry*, 886 F.2d at 1350, but from an order determining that the action should proceed before the District Court and not in arbitration.[5]

*Second,* the ESM Parties claim their Motion is to preserve the status quo, relying on Fed. R. Civ. P. 62(c), which provides: "When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise consider proper for the securities of the rights of the adverse party." The ESM Parties' own cited authority demonstrates that this rule is "narrowly interpreted." *International Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Eastern Air Lines, Inc.*, 847 F.2d 1014, 1017 (2d Cir. 1988) (holding district court exceeded its jurisdiction because the injunction issued "did more than maintain the status quo").[6] According to its terms, Rule 62(c) does not apply here.[7] This case involves no injunction, but rather payment of funds which have been protected

---

[5] The ESM Parties' remaining authority is in no way analogous to the present situation. *See e.g., Equal Employment Opportunity Commission v. Locals 14 and 15, Int'l Union of Operating Engineers*, 438 F. Supp. 876 (S.D.N.Y. 1977) (court retained jurisdiction to enjoin parties "from harassing, intimidating, demoting, suspending, discharging or in any other way discriminating against any person because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing" related to judgment on appeal).

[6] Plaintiffs' remaining authority is inapposite. In *Kidder, Peabody & Co. v. Maxus Energy Corp.* the Second Circuit held that a District Court retained jurisdiction to issue an injunction to enforce a declaratory judgment not to litigate in a separate proceeding. 925 F.2d 556, 565 (2d Cir. 1991); *see also MasterCard International, Inc. v. Federation Internationale de Football Association,* No. 06 Civ. 3036(LAP), 2007 WL 631312, at *5 (S.D.N.Y. Feb. 28, 2007) (during appeal of preliminary injunction issuing injunction preventing litigation of identical issues in foreign proceeding). The ESM Parties also cite a cases in which a District Court held it had the power to entertain contempt motions during appeal. *Red Ball Interior Demolition Corp. v. Palmadessa*, 947 F. Supp. 116, 120-21 (S.D.N.Y. 1996); *Petersen v. Vallenzano*, 1996 WL 252376, *5 (S.D.N.Y. May 13, 1996). But they have identified no order with which Assured has not complied.

[7] *See* 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2904 (2d ed. 1996) ("Rule 62(c) authorizes the trial court to suspend, modify,

4

through a stay.  Order, July 24, 2012, at 10 (doc. no. 152).  The status quo thus has already been preserved.  *See id.* at 5 (granting Assured's stay application in part because "maintaining the status quo and holding the funds in escrow poses no risk – to any party – that the funds will not be distributed to them as required once this case reaches a final disposition."); *In re Prudential Lines, Inc.*, 170 B.R. 222, 243-44 (S.D.N.Y. 1994) (bankruptcy court holding that it retained jurisdiction to enforce, but not expand, its orders in support of the bankruptcy plan).  Further, the premise of the ESM Parties' position – that they are seeking to "preserve the status quo" by effectively preventing steps towards possible settlement – is plainly not the sort of "preservation" envisioned in case law, which, of course, favors settlements.  *See, e.g., Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l Inc.*, 455 F.2d 770, 775 (2d Cir. 1972) (Friendly, J.) (a party "has no legally protected right to sue on behalf of other[s] who prefer to settle.").

       The ESM Parties' remaining arguments are similarly without merit.  They cannot justify their Motion (at 8) as a request that this Court "enforce its order."  The District Court never issued an order barring Assured from communicating with willing certificateholders (nor would there be a basis under the law for any such order).  And the ESM Parties have identified no reason that this Court, despite its lack of jurisdiction, should exercise discretion to "alert the Court of Appeals" as to its recommendation regarding the Motion.  There is nothing in Rule 62.1 that contradicts of the logic of the cases holding that a District Court should decline to resolve motions addressed to issues on appeal, and, tellingly, the ESM Parties identify no authority under Rule 62.1, newly enacted in 2009, in which any court has elected to exercise such authority in circumstances similar to those here.

---

restore or grant an injunction during the pendency of appeal *in injunction cases*") (citing authority) (emphasis added).

*Finally,* even if the Court were to conclude that it has jurisdiction despite the present appeal, the ESM Parties' Motion is without merit for all of the reasons set forth by Assured in its Opposition of September 12, 2012.  As described therein, this is not a class action in which counsel for the ESM Parties has any plausible basis to demand participation in, or oversight of, discussions freely entered into by certificateholders whom they do not represent.  Further, despite the ESM Parties' purported concern that Assured will "mislead" certificateholders, there is no basis whatsoever – certainly not on the face of the notice that is the subject of their Motion – to support such bald speculation.  In sum, Assured has the right, as does any entity involved in the Trust (a right that the ESM Parties themselves have exercised), to communicate freely with other entities that choose to do so, and there is no principled basis that the ESM Parties should be permitted to call upon this Court to monitor or restrict such discussions.

## CONCLUSION

For the foregoing reasons, this Court should decline to exercise jurisdiction over the motion for relief pursuant to Fed. R. Civ. P. 23 and Fed. R. Civ. P. 83.

DATED:   New York, New York  
           October 24, 2012

QUINN EMANUEL URQUHART &  
  SULLIVAN, LLP

By: s/Adam M. Abensohn  
   Philippe Z. Selendy  
     philippeselendy@quinnemanuel.com  
   Adam M. Abensohn  
     adamabensohn@quinnemanuel.com

51 Madison Avenue, 22nd Floor  
New York, New York  10010-1601  
(212) 849-7000

*Attorneys for Financial Security Assurance, Inc. (n/k/a Assured Guaranty Municipal Corp.)*

7

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of New York by using the SDNY CM/ECF system on October 24, 2012.  I hereby certify that I caused the foregoing to be deposited with the United States Postal Service on October 24, 2012, for service via First Class Mail to:

> David J. Ittah
> 1500 Locust Street, Apt. 4213
> Philadelphia, PA 19102
>
> Alexander Bakal
> 34 Leonard Street, Apt. 5A
> New York, NY 10013
>
> David Visher
> 28808 Cliffside Dr.
> Malibu, CA 90265

I certify that the remaining parties in the case are registered ECF users and that service will be accomplished by the SDNY CM/ECF system.

s/Adam M. Abensohn