UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A. <br><br> Interpleader Plaintiff, <br><br> v. <br><br> ESM FUND I, LP, et al., <br><br> Defendants. | 10-CV-7332 <br><br> MEMORANDUM OF LAW OF ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., AND ESM MANAGEMENT LLC IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEYS' FEES |

**MEMORANDUM OF LAW OF ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., AND ESM MANAGEMENT LLC IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEYS' FEES**

Jarrett M. Behar, Esq.
Sinnreich Kosakoff & Messina LLP
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
p: (631) 650-1200
f:  (631) 650-1207

M. Norman Goldberger (admitted *pro hac vice*)
Laura E. Krabill (admitted *pro hac vice*)
Ballard Spahr LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103
p: (215) 864-8848
f: (215) 864-9756


Attorneys for ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC

Dated:  December 13, 2012

DMEAST #16059110 v1

**INTRODUCTION**

In its December 13, 2011, Order and Judgment ("Judgment") entered in this case, consistent with the November 3, 2011, Report and Recommendation filed by Magistrate Judge Dolinger, this Court granted the Motion for Attorneys' Fees filed by ESM Fund I, LP, Compass SAV LLLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC (the "ESM Parties"). *See* Judgment, Docket No. 125; Nov. 3, 2011 Report & Recommendation, Docket No. 119. The Motion for Attorneys' Fees was based on the common fund doctrine and the fact that the ESM Parties had conferred a benefit on all of the other uninsured certificateholders in the securitization at issue in this case, the MASTR Adjustable Rate Mortgages Trust 2006-OA2 (the "Trust"). Motion for Attorneys' Fees, Docket Nos. 83-86. Because of the success of the ESM Parties' efforts, the certificateholders in the Trust will now receive in excess of $162 million that would have been paid from the Trust to the certificate insurer, Financial Security Assurance, Inc. ("Assured"), had Assured prevailed. Declaration of Laura E. Krabill ("Krabill Decl."), ¶ 20.

In granting the ESM Parties' Motion for Attorneys' Fees and Costs, the Court awarded the ESM Parties $411,512.79, to be paid by Wells Fargo Bank, N.A. ("Wells Fargo"), solely in its capacity as Trust Administrator of the Trust, "from the amounts due to the uninsured certificateholders as a result of the reversal of the $7,199,157.47 credit provided Assured in August 2010." Judgment, ¶ 6.[1] The Court further ordered that the ESM Parties "may seek reimbursement for fees and expenses incurred after August 31, 2011 after entry of this Order." *Id.*

---

[1] The $7 million credit reflects only one month of distributions that are at issue in this case. Krabill Decl. ¶ 20. The other amounts in dispute in this case have been retained each month since this action was started and held in an escrow account maintained by Wells Fargo. *Id.* As of September 25, 2012, Wells Fargo held $162,578,492.94, in the escrow account associated with this action. *Id.*

Since August 31, 2011, the last day of fees and expenses sought by the ESM Parties in their earlier application for attorneys' fees and costs in this Court, there have been extensive filings, motions, briefs, and arguments in this Court as well as an appeal by Assured of the Judgment, preparation of the appendix and briefing on appeal as well as oral argument in the Second Circuit. *See generally* Docket; Krabill Decl., ¶ 3. Among other things, after August 31, 2011, there were additional letters submitted to Magistrate Judge Dolinger regarding the proper form of the judgment and Wells Fargo's request for fees and costs. Krabill Decl., ¶ 4. In September 2011, Judge Dolinger held argument on the issue of the form of the judgment as well as the attorneys' fees motions of both the ESM Parties and Wells Fargo. *See* Docket No. 117; Krabill Decl., ¶ 5. There were also subsequent submissions to Judge Dolinger by the *pro se* certificateholders and Wells Fargo regarding the funds that were held in escrow during the pendency of this case and Wells Fargo's reports to certificateholders regarding those funds. Krabill Decl., ¶ 5.

After Judge Dolinger's November 3, 2011 Report and Recommendation, the parties attempted to negotiate a form of judgment consistent with the Magistrate Judge's rulings. Krabill Decl., ¶ 6. Unfortunately, while Wells Fargo and the ESM Parties were able to agree, Assured filed objections to the Report and Recommendations. *Id.*; Docket No. 121  The ESM Parties filed a response to Assured's objections before this Court entered the Judgment. Docket No. 123.

Assured appealed the Judgment, and the ESM Parties' counsel worked with Assured's counsel to determine the appropriate documents to include in the Appendix on appeal. Krabill Decl., ¶ 7. The ESM Parties' counsel also completed the necessary filings for the appeal, as well as researched, drafted and ultimately filed the ESM Parties' appeal brief. *Id.* When oral

argument was scheduled, the ESM Parties' counsel reviewed the briefs, shepardized the case law and prepared for oral argument. *Id.* ¶ 8. Oral argument on the appeal took place on November 29, 2012 and the Second Circuit issued its ruling on December 5, 2012. *Id.*

After the Judgment was entered and Assured filed its Notice of Appeal, Assured also moved for a stay of execution during the pendency of the appeal. Docket Nos. 129-131. The ESM Parties filed briefs and their counsel prepared for and presented oral argument to Magistrate Judge Dolinger regarding Assured's request for a stay. Docket Nos. 134-36 & 150. The Magistrate Judge issued a Report and Recommendation recommending granting Assured's request for a stay and the *pro se* certificateholders filed objections to that Report. Docket Nos. 145-49. Immediately after this Court granted Assured's request for a stay of execution, Assured asked Wells Fargo to post a notice to certificateholders asking that they contact Assured directly to potentially negotiate a settlement of the case. Krabill Decl., ¶ 10. The ESM Parties' counsel investigated Assured's actions and researched the propriety of Assured's Notice. *Id.* After both factual and legal research, the ESM Parties filed a motion seeking to limit or monitor Assured's communications with certificateholders. *Id.*; Docket Nos. 154-56. After briefing as well as the issuance of a revised Notice by Assured addressing certain of the issues raised by the ESM Parties, Magistrate Judge Dolinger held oral argument on that issue on December 4, 2012. Docket Nos. 159-60, 162-63, 165-66, 168-69.

In addition to these court activities, the ESM Parties' counsel had on-going communications with various non-party certificateholders who contacted counsel asking about the status of the case, the reports issued by the Trust regarding the escrow amounts, the stay and the appeal. Krabill Decl., ¶ 11. The ESM Parties also had communications with Wells Fargo

and Assured's counsel periodically regarding scheduling issues, the reports from the Trust and potential settlement issues.  *Id.*

For all of these activities, from August 31, 2011, to the present, the ESM Parties have incurred legal fees from their lead counsel of $389,968.00 (excluding fees related to seeking attorneys' fees or administrative issues) and costs of $6,127.67.  Krabill Decl., ¶¶ 12-15.  The ESM Parties' local counsel has also compiled fees and costs of $6,305.00 (excluding fees related to seeking attorneys' fees or administrative issues) and $107.88, respectively.  *Id.* ¶ 16.  As with the attorneys' fees and costs incurred by the ESM Parties before the Judgment was entered, these additional fees and costs have inured to the benefit of all uninsured certificateholders of the Trust who will, as a result of the Judgment and the decision on appeal affirming the Judgment, receive distributions from the Trust of over $160 million that would have flowed to Assured if it had prevailed in this case.  *Id.* ¶¶ 20-21.  Thus, the attorneys' fees and costs sought by the ESM Parties (including the amounts previously awarded by this Court in the Judgment) still constitute only about 0.5% of the additional funds that will be distributed to the Trust's certificateholders as opposed to the certificate insurer, Assured, as a result of the successful litigation of this action.  *Id.* ¶ 21.  Moreover, the attorneys' fees and costs incurred by the ESM Parties are the actual fees negotiated by the parties and that have been or will be paid by the ESM Parties.  *Id.* ¶ 17.

Since the Second Circuit's ruling on December 5, 2012, counsel for the ESM Parties was contacted by counsel for two non-party institutional investors who have substantial holdings of uninsured certificates in the securitization at issue in this case–the same counsel who have periodically initiated discussions with counsel for the ESM Parties throughout the course of this litigation.  *Id.* ¶ 22.  In discussing the Second Circuit's ruling and the likely timing of the

distribution of funds in the escrow account, counsel for the ESM Parties advised both non-party certificateholders that the ESM Parties intended to file the present motion and advised both certificateholders of the amount of additional fees that the ESM Parties intended to request be paid from funds that would otherwise flow to the uninsured certificateholders.  *Id.*  Both certificateholders authorized counsel for the ESM Parties to advise the Court that they supported the ESM Parties' request.  *Id.*

The ESM Parties respectfully request that they be awarded these additional fees and costs to be paid from the same funds as this Court previously ordered for the ESM Parties' original fee petition.  The ESM Parties present the declaration of their counsel, Laura E. Krabill, with attached exhibits, consisting of invoices and pro formas showing the time expended and fees and costs billed or to be billed by both lead counsel and local counsel to the ESM Parties.  The exhibits also show the deductions from those fees and costs referenced in this fee petition and redactions to protect attorney-client privileged information.  All of the active participants in the litigation, including counsel for both Wells Fargo and Assured, have informed the undersigned that they do not intend to oppose the instant motion.  Counsel for Wells Fargo and Assured stated that they take no position on the reasonableness of the requested fees and leave that issue to the Court.

## CONCLUSION

For the foregoing reasons, the ESM Parties request that this Court order that Wells Fargo, solely in its capacity as Trust Administrator of the Trust, pay to the ESM Parties solely from the amounts due to the uninsured certificateholders as a result of the reversal of the $7,199,157.47 credit provided Assured in August 2010: (1) the original $411,512.79 awarded to the ESM Parties in the Judgment; and (2) an additional $402,508.55, consisting of the actual attorneys' fees and costs incurred by the ESM Parties on this matter since August 31, 2011, for a total of $814,021.34.

Dated: December 13, 2012

Respectfully submitted,

_____
Jarrett M. Behar, Esq.
Sinnreich Kosakoff & Messina LLP
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
p: (631) 650-1200
f: (631) 650-1207

OF COUNSEL:
M. Norman Goldberger (*pro hac vice*)
Laura E. Krabill (*pro hac vice*)
Ballard Spahr LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103

*Attorneys for the ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC*

## **CERTIFICATE OF SERVICE**

I, Jarrett M. Behar, hereby certify that a true and correct copy of the foregoing Motion for Supplemental Attorneys' Fees, and supporting Memorandum of Law in and Declaration have been served upon all counsel of record via ECF and upon the pro se litigants via email.

Dated: December 13, 2012                                    _____
                                                                                        Jarrett M. Behar