UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A.<br><br>    Interpleader Plaintiff,<br><br>v.<br><br>ESM FUND I, LP, et al.,<br><br>    Defendants. | 10-CV-7332<br><br>DECLARATION OF LAURA E. KRABILL IN SUPPORT OF INTERPLEADER DEFENDANTS ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD., AND ESM MANAGEMENT LLC'S MOTION FOR SUPPLEMENTAL ATTORNEYS' FEES AND COSTS |

I, Laura E. Krabill, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney at the law firm of Ballard Spahr LLP, attorneys for interpleader defendants ESM Fund I, LP, Compass SAV LLC, Compass Offshore SAV PCC Ltd., and ESM Management LLC (the "ESM Parties"). I am a member in good standing of the bar of Pennsylvania and have been admitted *pro hac vice* in this Court for this case. I submit this declaration in support of the ESM Parties' Motion for Supplemental Attorneys' Fees and Costs to provide the Court with additional fees and costs incurred (for which the ESM Parties seek payment) since their last application for attorneys' fees, as contemplated by this Court's December 13, 2011, Order and Judgment (the "Judgment").

2. I make this declaration based on my personal knowledge as well as based on knowledge I have obtained from reviewing the billing records generated by Ballard Spahr LLP ("Ballard") and my personal involvement in all of the aspects of the litigation of this matter.

3. Since August 31, 2011, the last day of fees and expenses sought by the ESM Parties in their earlier application for attorneys' fees and costs in this Court, there have

been extensive filings, motions, briefs, and arguments in this Court as well as an appeal by Assured of the Judgment, preparation of the appendix and briefing on appeal as well as oral argument in the Second Circuit.

4. Among other things, after August 31, 2011, there were additional communications with Magistrate Judge Dolinger regarding the proper form of the judgment and Wells Fargo's request for fees and costs.

5. In September 2011, Judge Dolinger held argument on the issue of the form of the judgment as well as the attorneys' fees motions of both the ESM Parties and Wells Fargo. There were also subsequent letters sent to Judge Dolinger by the *pro se* certificateholders and Wells Fargo regarding the funds that were held in escrow during the pendency of this case and Wells Fargo's reports to certificateholders regarding those funds.

6. After Judge Dolinger's November 3, 2011 Report and Recommendation, the parties attempted to negotiate a form of judgment consistent with the Magistrate Judge's rulings. Unfortunately, while Wells Fargo and the ESM Parties were able to agree, Assured filed objections to the Report and Recommendations. The ESM Parties filed a response to Assured's objections before this Court entered the Judgment.

7. Assured appealed the Judgment, and the ESM Parties' counsel worked with Assured's counsel to determine the appropriate documents to include in the Appendix on appeal. The ESM Parties' counsel also completed the necessary filings for the appeal, as well as researched, drafted and ultimately filed the ESM Parties' appeal brief.

8. When oral argument was scheduled, the ESM Parties' counsel reviewed the briefs, shepardized the case law and prepared for oral argument. Oral argument on the appeal took place on November 29, 2012 with the ESM Parties' counsel presenting the only argument

on behalf of the appellees by agreement of the *pro se* litigants. The Second Circuit issued its ruling affirming the Judgment on December 5, 2012.

9. After the Judgment was entered and Assured filed its Notice of Appeal, Assured also moved for a stay of execution during the pendency of the appeal. The ESM Parties filed briefs and their counsel prepared for and presented oral argument to Magistrate Judge Dolinger regarding Assured's request for a stay.

10. After this Court granted Assured's request for a stay of execution, Assured asked Wells Fargo to post a notice to certificateholders asking that they contact Assured directly to potentially negotiate a settlement of the case. The ESM Parties' counsel investigated Assured's actions and researched the propriety of Assured's Notice. After both factual and legal research, the ESM Parties filed a motion seeking to limit or monitor Assured's communications with certificateholders. After briefing, including additional briefs on a jurisdictional question raised by the Magistrate Judge, as well as the issuance of a revised Notice by Assured addressing certain of the issues raised by the ESM Parties, Magistrate Judge Dolinger held oral argument on that issue on December 4, 2012.

11. In addition to these court activities, the ESM Parties' counsel had on-going communications with counsel for various non-party certificateholders who contacted counsel asking about the status of the case, the reports issued by the Trust regarding the escrow amounts, the stay and the appeal. The ESM Parties also had communications with their clients, the *pro se* litigants, as well as Wells Fargo and Assured's counsel regarding scheduling issues, the reports from the Trust and potential settlement issues among other things.

12. For all of these activities, since my September 15, 2011 supplemental declaration in support of the ESM Parties' Motion for Attorneys' Fees which included attorneys'

fees and expenses incurred through August 31, 2011, Ballard has billed its clients, the ESM Parties, a total of $329,115.50, in attorneys' fees at the firm's standard billing rates which were agreed to by the ESM Parties in connection with a standard engagement letter, and costs of $4,902.42. Ballard has also generated attorneys' fees and costs which have not yet been billed to the ESM Parties of $64,611.00 and $1,225.25, respectively. None of these fees and costs were sought by the ESM Parties' in their prior application to this Court.

13. Within these bills are attorneys' fees and costs relating to the ESM Parties' efforts to obtain their attorneys' fees and administrative actions such as audit letter responses in the amount of $3,808.50. The ESM Parties are not seeking those attorneys' fees here. Thus, the additional fees and costs billed or that will be billed by Ballard since August 31, 2011, which the ESM Parties seek are $389,968.00 in attorneys' fees and $6,127.67 in costs.

14. True and correct copies of the bills submitted to the ESM Parties by Ballard from September 2011 to date, redacted to avoid disclosing information protected by the attorney-client privilege and work product doctrine and with notations to reflect the deductions addressed above, are attached hereto collectively as Exhibit A.

15. A true and correct copy of the pro forma reflecting the fees and costs incurred in November and December 2012, redacted to avoid disclosing information protected by the attorney-client privilege and work product doctrine and with notations to reflect deductions addressed above, is attached hereto as Exhibit B.

16. Since August 2011, the ESM Parties' local counsel has also compiled fees and costs of $6,305.00 (excluding fees related to seeking attorneys' fees or administrative issues) and $107.88, respectively. True and correct copies of the bills issued by local counsel on this matter, with redactions to preserve the attorney-client privilege and notations reflecting the fees

and costs that have been deducted in this request from the amount actually billed, are attached hereto collectively as Exhibit C.

17. The attorneys' fees and costs requested in this supplemental motion are the actual fees and costs incurred by the ESM Parties pursuant to engagement letters negotiated by the parties and either have been or will be paid by the ESM Parties.

18. None of the fees and costs requested in this motion were previously sought by the ESM Parties in their prior Motion for Attorneys' Fees.

19. The ESM Parties request that they be reimbursed these attorneys' fees from the approximately $7 million credit given to Assured in August 2010, consistent with the Court's prior ruling in the Judgment.

20. The $7 million credit reflects only one month of distributions that are at issue in this case. The other amounts in dispute in this case have been retained each month since this action was started and held in an escrow account maintained by Wells Fargo. As of September 25, 2012, the escrow account held $162,578,492.94 that will now be distributed to certificateholders as a result of the Judgment and the Second Circuit affirmance, rather than to Assured. A true and correct copy of a letter from Assured's counsel to Magistrate Judge Dolinger stating the escrow amount as of September 25, 2012, is attached hereto as Exhibit D.

21. Thus, the total fees and costs sought by the ESM Parties ($814,021.34, including the $411,512.79 previously awarded by this Court in the Judgment), still constitutes only about 0.5% of the additional funds that will be distributed to the trust's certificateholders as opposed to the certificate insurer as a result of the successful litigation of this action.

22. Since the Second Circuit's ruling on December 5, 2012, undersigned counsel has been contacted again by counsel at two non-party institutional investors who have

substantial holdings of uninsured certificates in the securitization at issue in this case – the same counsel who have periodically initiated discussions with undersigned counsel throughout the course of this litigation. In discussing the Second Circuit's ruling and the likely timing of the distribution of funds in the escrow account, undersigned counsel advised both non-party certificateholders that the ESM Parties intended to file the present motion and advised both certificateholders of the amount of additional fees the ESM Parties intended to request be paid from funds that would otherwise flow to the uninsured certificateholders. Both certificateholders told undersigned counsel that she could advise the Court that they supported the ESM Parties' request.

>I declare under penalty of perjury that the foregoing is true and correct.

>Executed on December 13, 2012, in Raleigh, North Carolina.

>*[signature]*
>Laura E. Krabill