**MANDATE**

N.Y.S.D. Case #
10-cv-7332(LBS)

12-0083-cv
Fin. Sec. Assurance Inc. v. Bakal

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of December, two thousand twelve.

PRESENT: DENNY CHIN,
CHRISTOPHER F. DRONEY,
<u>Circuit Judges</u>,
JOHN GLEESON,
<u>District Judge</u>.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 26, 2012

- - - - - - - - - - - - - - - - - - - -x

WELLS FARGO BANK, N.A., solely in its capacity as Trust Administrator,
<u>Interpleader-Plaintiff-Appellee</u>,

-v.-    12-0083-cv

FINANCIAL SECURITY ASSURANCE INC., AKA ASSURED GUARANTY MUNICIPAL CORP.,
<u>Interpleader-Defendant-Cross-Defendant-Appellant</u>,

-v.-
CEDE & CO., as registered Holder of certain Certificates and nominee name of the Depositary Trust Company,
<u>Interpleaders-Defendants-Appellees</u>,

ALEXANDER BAKAL, DAVID VISHER, ESM MANAGEMENT LLC, ESM FUND I, LP, COMPASS SAV LLC, COMPASS OFFSHORE SAV PCC LTD.,

---

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

JEAN DAVID ITTAH,
       Interpleaders-Defendants-
       Cross-Claimants-
       Appellees,

ESM INVESTORS LTD., ORION PARTNERS LLC,
DOES, 1-100, beneficial owner of certain
Certificates,
       Interpleaders-
       Defendants.**

- - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR INTERPLEADER-DEFENDANT-CROSS-DEFENDANT-APPELLANT: | ADAM M. ABENSOHN (Philippe Z. Selendy, Sanford I. Weisburst <u>on the brief</u>), Quinn Emanuel Urquhart & Sullivan, LLP, New York, New York. |
| FOR INTERPLEADERS-DEFENDANTS-CROSS CLAIMANTS-APPELLEES: | LAURA E. KRABILL (M. Norman Goldberger <u>on the brief</u>), Ballard Spahr, LLP, Philadelphia, Pennsylvania, Jarett M. Behar, Sinnreich Kosakoff & Messina LLP, Central Islip, New York, Alexander Bakal, <u>pro se</u>, New York, New York, David Visher, <u>pro se</u>, Malibu, California. |

Appeal from the United States District Court for the Southern District of New York (Sand, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Interpleader-defendant-cross-defendant-appellant Financial Security Assurance Inc., AKA Assured Guaranty Municipal Corp. ("Assured"), appeals from the district court's order entered December 13, 2011, implementing its memorandum and order entered March 29, 2011, granting judgment on the pleadings in

---

    **    The Clerk of Court is directed to amend the official caption to conform with the above.

-2-

favor of the interpleaders-defendants-cross-claimants-appellees and against Assured.

On appeal, Assured principally challenges the district court's interpretation of Section 4.02(a)(3) of the Pooling and Servicing Agreement ("PSA"), i.e., the district court's holding that Assured is entitled only to distribution of funds related to its subrogation rights in the certificates it insures, as opposed to reimbursement of all amounts it paid under the Financial Guaranty Insurance Policy (the "Insurance Policy"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the district court's grant of judgment on the pleadings, Desiano v. Warner-Lambert & Co., 467 F.3d 85, 89 (2d Cir. 2006), and the district court's interpretation of a contract. Fishoff v. Coty Inc., 634 F.3d 647, 652 (2d Cir. 2011).

As an initial matter, we reject Assured's argument that the district court erred in considering, in interpreting the PSA, the Prospectus Supplement and other transaction documents related to the PSA. Under New York law, which governs the PSA, the district court properly considered all writings forming part of a single transaction, see This Is Me, Inc. v. Taylor, 157 F.3d 139, 143 (2d Cir. 1998), as Assured itself asked the district court to do below.

We agree with the district court's conclusion that the PSA unambiguously entitles Assured only to the distribution of funds related to its subrogation rights in the certificates it

-3-

insures, rather than to reimbursement of all amounts it paid under the Insurance Policy.

Section 4.02(a)(3) of the PSA provides that Assured will receive distribution "up to the Aggregate Certificate Insurer Reimbursement ['CIR'] Amount" as the third step in the order of distribution described in Section 4.02. The Aggregate CIR Amount, in turn, is defined by Section 1.01 of the PSA as "the sum of the Class 1-A-3 [CIR] Amount, the Class 2-A-3 [CIR] Amount and the Class 4-A-2 [CIR] Amount." The CIR Amount of each of those three certificate classes is "any amount owing to [Assured] under Section 4.02 or 4.07 for reimbursement, with interest, for claims paid . . . under the . . . Insurance Policy . . . ." Under the Insurance Policy, Assured "shall be subrogated to the rights of each [certificate holder] to receive distributions with respect to each Certificate held by such Holder." Thus, these contract provisions by their plain meaning provide Assured only with subrogation rights in the certificates it insures.

We find unpersuasive Assured's argument that it is entitled to reimbursement of any and all claims it paid out under the Insurance Policy as such an interpretation is not supported by the plain language of the PSA, and moreover, it would render meaningless several other provisions of the PSA, as the district court observed in its memorandum and order. See <u>RJE Corp. v. Northville Indus. Corp.</u>, 329 F.3d 310, 314 (2d Cir. 2003) (per curiam) (under New York law, courts "consider the entire contract to safeguard against adopting an interpretation that would render

-4-

any individual provision superfluous" (citation and internal quotation marks omitted)).

    We have considered all of Assured's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the order of the district court.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit