UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
WELLS FARGO BANK, N.A.,

                : 

           Plaintiff,

                :

      -against-

                :

ESM FUND I, L.P. et al.,

                :

           Defendants.
--------------------------------x

REPORT & RECOMMENDATION

10 Civ. 7332 (AJN)(MHD)

TO THE HONORABLE ALISON J. NATHAN, U.S.D.J.:

Interpleader-defendants ESM Fund I, LP et al. ("the ESM parties") have moved for a supplemental award of attorney's fees and expenses. For reasons to follow, we recommend that the motion be granted in part.

## I.    Prior Relevant Proceedings

By order and judgment dated December 13, 2011, the District Court adopted our November 3, 2011 Report and Recommendation ("Nov. 3 R&R"), which had addressed the specific provisions of the judgment that should be entered in the wake of the District Court's earlier grant of summary judgment to the ESM parties and several intervenor-defendants. See Wells Fargo Bank, N.A. v. ESM Fund I, LP, 785 F. Supp.2d 188, 193-97 (S.D.N.Y. 2011). Among the

1

provisions recommended and adopted was an award to the ESM parties

of attorney's fees and expenses under a common-fund theory. The

award totaled $411,512.79, which was to be paid by interpleader-

plaintiff Wells Fargo Bank, N.A. "from the amounts due to the

uninsured certificate holders as a result of the reversal of the

$7,199,157.47 credit provided [interpleader defendant Financial

Security] Assured in August 2010." (Order & Judgment, dated Dec.

13, 2011 (Dkt. No. 125) ("Order & Judgment") at ¶ 6).


The fee-and-expense award in the Order and Judgment covered

services performed and expenses incurred by ESM's counsel for the

period ending August 31, 2011, but the judgment authorized the ESM

parties to seek whatever additional fees and expenses they incurred

after that date. (Id.). Subsequent to August 31, 2011, the parties

engaged in some additional litigation activity, notably briefing

concerning objections by both Assured and the ESM parties to the

November 3 R&R, a successful motion by Assured to stay enforcement

of the judgment pending appeal, see Wells Fargo Bank, N.A. v. ESM

Fund I, LP, 2012 WL 3023997 (S.D.N.Y. Apr. 3, 2012), adopted, 2012

WL 3023985 (S.D.N.Y. July 24, 2012), a largely unsuccessful motion

by the ESM parties to regulate communications by Assured with the

unrepresented certificate holders (see Tr. of Oral Argument, dated

Dec. 4, 2012 ("Dec. 2012 Tr.") at 25-28), and an appeal by Assured

to the Second Circuit, a process that ended with the affirmance of the District Court's grant of summary judgment. <u>Wells Fargo Bank, N.A. v. Financial Security Assurance Inc.</u>, 2012 WL 6028908 (2d Cir. Dec. 5, 2012).

II.    <u>The Current Motion</u>

In the wake of that affirmance, the ESM parties have filed a motion for a supplemental award of fees and expenses. On this application they seek an award of $402,508.55. (Mem. of Law in Supp. of ESM Fund, et al.'s Mot. for Supplemental Att'ys' Fees (Dkt. No. 171) ("ESM Mem.") at 6; Decl. of Laura E. Krabill, Esq., dated Dec. 13, 2012 ("Krabill Decl.") at ¶¶ 12-13, 16). Accompanying their application are time and billing records which reflect (with a few minor adjustments) that attorneys and paralegals at the two firms that represented the ESM parties billed for 794.2 hours of work in the pertinent time period, at hourly rates ranging from $700.00 to $225.00, with fees totaling $394,584.00 and disbursements amounting to $6,192.08. (Krabill Decl. Exs. A-C). Thus, these records suggest a total of fees and expenses of $400,776.08.

The other parties to the lawsuit, including two individual certificate holders who intervened and actively litigated on a pro se basis, have not objected to this request. Nonetheless, since the payment of such fees and expenses would come from the amounts otherwise payable to a larger body of certificate holders, we have reviewed the pertinent record to assess the reasonableness of this application.[1] Having done so, we conclude that three deductions should be made from the total of fees reflected in the billing records.

## ANALYSIS

For reasons discussed at some length in our November 3 R&R, the ESM parties have justified an award of reasonable fees and expenses based on their proffered common-fund theory (Nov. 3 R&R 34-39), and their application is properly addressed under a lodestar analysis (id. at 39), the details of which we have previously summarized. (Id. at 24-25). Of particular note, the court should reduce fee applications if they reflect inefficiencies or work performed on disputes in which the client did not prevail.

_____

[1] For the same reason we engaged in a sua sponte review of the first ESM fee motion. (See Nov. 3 R&R at 39-41; see also id. at 42-43).

See, e.g., McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006); United States Football League v. Nat'l Football League, 887 F.2d 408, 414 (2d Cir. 1989).

As in our prior R&R, we find that the hourly rates charged by ESM's law firms are generally within the broad range of what attorneys of comparable skill and experience charge for work of this type. Our only hesitation in this respect concerns one attorney who was billed at $700.00 per hour[2], but his claimed time on compensable tasks is relatively small and hence his billing rate has minimal impact on the total amount sought. (See Krabill Decl. Exs. A & B).[3] The principal concern militating in favor of a significant reduction in the total amount for which the EMS parties seek reimbursement is that a considerable amount of the time for which they seek compensation was dedicated to work on three motions or applications on which the ESM parties did not meaningfully prevail.

---

[2] The ESM parties do not offer any information in their current application about this attorney's background or other circumstances that might justify this hourly rate.

[3] We note that he spent significantly more time on at least one project that we find to be only partly compensable, see p. 7-8, infra, and hence his hourly rate has only a limited effect on our fee calculations.

In the wake of our November 3 R&R, which -- among other items -- recommended an award of fees to the ESM parties that modestly reduced the total that they had demanded, these interpleader-defendants prepared and filed objections to that set of recommendations. (See Consol. Objections to R&R, dated Nov. 21, 2011 (Dkt. No. 120)). Ultimately the District Court overruled these objections and adopted our fee recommendations. Accordingly the time claimed for the objections should not be deemed compensable. See United States Football League, 887 F.2d at 414. Based on the proffered time records, counsel spent 15.8 hours on these labors and generated fees of $5,765.00. (Krabill Decl. Ex. A-C). That amount should be deducted from the claimed fee total sought by the ESM parties.

Following entry of the judgment, Assured moved for a stay pending appeal. The ESM parties, as well as the pro se intervenors, opposed, with briefing and oral argument. Since the stay motion was granted, we view it as inappropriate to award fees to the ESM parties for this failed effort. Our review of the ESM time records reflects an investment of approximately 145.2 hours, triggering fees of $69,596.00 on this project, most of which should be deducted from the ESM total. (Krabill Decl. Exs. A & B). Since, however, a number of the relevant time entries refer to multiple

tasks -- including some that are compensable -- but do not supply a breakdown of time for each task, we reduce this deduction modestly, by five percent, to account for that other, presumptively compensable, work. Hence, for this project, the deduction from compensable fees should be $66,116.20.

We note a similarly losing effort by the ESM parties, in the form of an application -- made while the appeal was pending -- to preclude Assured from communicating with unrepresented certificate holders about a possible settlement. (See Mem. of Law in Supp. of Mot. for Relief Pursuant to Rules 23 and 83, dated Aug. 29, 2012 (Dkt. No. 156) at 1-2). Based on the time records, this project involved a fairly gargantuan investment of attorney time, totaling 204 hours, and generated equally impressive fees of $109,247.50. (Krabill Decl. Exs. A & B). The ESM parties were not successful in obtaining the relief they were seeking, which was, in essence, participation in or monitoring of any communications between Assured and other certificate holders. (See Dec. 2012 Tr. 26-27). Their only benefit from the motion was that the court confirmed that they were permitted to notify certificate holders of additional information via a website, which arguably gave them some small measure of success. (See id. at 27). Because they were unsuccessful on the central focus of their motion, and because the

7

amount of time devoted to this application was in any event hugely excessive given what was required to present the issues to the court, half of the fee amount sought for this effort, $54,623.75, should also be deducted from the total reimbursement.

The total of fees sought by the ESM parties is $394,584.00. Subtracting the fees associated with the cited unsuccessful litigation projects (totaling $126,504.95), we arrive at a total recommended fee award of $268,079.05. Given the substantial reduction that we propose, we do not believe it necessary to further trim this amount to reflect arguable overstaffing or inefficiency in achieving success for the ESM parties. As for the claimed disbursements, a large proportion of them reflect legal research charges, and we see no compelling basis to reduce the amount sought, which totals $6,192.08. Accordingly, we recommend that the ESM parties be granted a supplemental fee-and-expense award of $274,271.13.

CONCLUSION

For the reasons stated, we recommend that the ESM parties be awarded $274,271.13 in additional fees and expenses. Combined with the prior award of $411,512.79, the total fee-and-expense award, to

be recovered from the amounts due to the uninsured certificate holders as a result of the reversal of the $7,199,157.47 credit provided interpleader-defendant Financial Security Assured in August 2010, would be $685,783.92.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Alison J. Nathan, Room 2102, 40 Foley Square, New York, New York, 10007, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York, 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated: New York, New York
       April 3, 2013


                                        MICHAEL H. DOLINGER
                                        UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Recommendation & Report have been mailed today to:

Dale Christian Christensen, Jr., Esq.
Thomas Ross Hooper, Esq.
Seward & Kissel LLP
One Battery Park Plaza
New York, NY 10004

Laura E. Krabill, Esq.
M. Norman Goldberger, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103

Jarrett Michael Behar, Esq.
Sinnreich & Safar, LLP
320 Carleton Avenue, Ste. 3200
Central Islip, NY 11722

Philippe Zuard Selendy, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
New York, NY 10010

Eric P. Heichel, Esq.
Eiseman, Levine, Lehrhaupt & Kakoyiannis, P.C.
805 Third Avenue
10th Floor
New York, NY 10022

Mr. David Visher
28808 Cliffside Drive
Malibu, CA 90265

Mr. Alexander Bakal
34 Leonard Street, 5A
New York, NY 10013

Mr. Jean David Ittah
1500 Locust Street
Apt. 4213
Philadelphia, PA 19102